## PATRICK McDONOUGH v. H. H. MERTEN.

1. TAX DEED—*Sufficiency of Description.* A tax deed is void upon its face if it fails to state, by description, acres, or otherwise, the property bid for at the tax sale and the granting clause of the deed fails to cure or supply such defect. In such a case, the description of the land, purporting to have been bid off at the tax sale and conveyed in a tax deed is not sufficiently specific or definite, and, therefore, is not designated with "ordinary and reasonable certainty."

2. CASE, *Distinguished.* *Dodge v. Emmons,* 34 Kas. 732, referred to, and distinguished.

### *Error from Clay District Court.*

THIS was an action in the nature of ejectment, commenced on December 26, 1887, by Patrick McDonough against H. H. Merten, to recover the southwest quarter of section 6, in township 9, of range 3 east of the sixth principal meridian, in Clay county, in this state. The defendant answered with a general denial. The first trial was had on the 19th day of June, 1889, and judgment was rendered in favor of the defendant. The plaintiff demanded another trial, which was granted, and the cause was again tried at the November term of the court for 1889, and on the 5th day of December of that year. The plaintiff relied upon a patent from the United States, dated April 1, 1872. The defendant, to maintain the issues on his part, offered in evidence a tax deed dated the 30th day of May, 1876, reciting a tax sale on the 6th day of May, 1873, for the taxes of 1872. It also appeared upon the trial that the defendant and his grantors have been in possession of the property ever since 1873; that the plaintiff failed to pay the taxes for 1872, and has never paid the same. The trial court decided, as a matter of law, that the tax deed conveyed an absolute title in fee simple to Edward A. Small, the grantee of the deed, and one of the prior grantors of the defendant. McDonough excepted, and brings the case here.

*Harkness & Godard,* for plaintiff in error:

The deed failing to recite that the property was sold to the best bidder, brings this case within the rule prescribed by this court in the cases of *Douglass v. Wilson,* 31 Kas. 565, and *Duncan v. Gillette,* 37 id. 156, in both of which cases it is held, that where a tax deed fails to recite a compliance with the law upon which it is based, it is void. If this deed is construed as showing that the entire tract assessed was sold to John R. Taylor, still it does not show that John R. Taylor was the best bidder at the sale, or that he did not make several bids, or that he or some one else did not offer to pay the required sum for less than the whole tract. See Black, Tax T., § 401; Black. Tax T. (5th ed.), §§ 507, 508; Cooley, Tax., p. 498; *Brookings v. Woodin,* 74 Me. 222; *Lovejoy v. Lunt,* 48 id. 377; *French v. Edwards,* 13 Wall. 511. See, also, *Haynes v. Heller,* 12 Kas. 381; *Dodge v. Emmons,* 34 id. 732; *Mack v. Price,* 35 id. 134; *Norton v. Friend,* 13 id. 532; *Pearce v. Tittsworth,* 87 Mo. 635; *Haller v. Blaco,* 10 Neb. 36; *Abbott v. Doling,* 49 Mo. 302.

The granting clause in this deed does not describe or refer to any property. It is true it mentions the tract "last above described," but the deed must be construed in connection with the law governing it. This is true of all written instruments, but should be especially so where the state or a subdivision thereof is one of the parties thereto. The form of the granting clause used in this deed is prescribed by law. It is a part of the form for tax deeds which must be substantially followed. The legislature intended that two descriptions should be included in every tax deed; first, a description of the property assessed, taxed, and offered for sale, and, following that, a second and last description showing the least quantity bid for. The words in the granting clause imply more than one description. It was the intention of the lawmakers that the granting clause of the deed should refer to and convey the least quantity of land bid for. The last description being omitted, the granting clause refers to nothing, conveys noth-

ing, and the deed is therefore void, under the decision of this court in the case of *Wood v. Nicolson*, 43 Kas. 461. Such a construction is in harmony with the decisions in the cases of *Haynes v. Heller*, and *Dodge v. Emmons*, supra.

*M. M. Miller*, and *C. C. Coleman*, for defendant in error:

This court has already passed upon a question almost identical with this, and held, in the case of *Edwards v. Sims*, that the expression "an adjourned sale" may refer to the adjournment from day to day, and that, where the statute of limitations has run, such a construction of the words will be adopted as will support the deed. See *Edwards v. Sims*, 40 Kas. 241, 242; *Harris v. Curran*, 32 id. 580; *Patterson v. Carruth*, 13 id. 494; *Morrill v. Douglass*, 17 id. 293; *Lorian v. Smith*, 37 Iowa, 67; *Sherry v. McKinley*, 98 U. S. 496.

The plaintiff in error claims that the tax deed is void by the reason of the failure of the clerk to insert, in the blank left for that purpose, a description of the property sold at the sale, but placed there instead, following the word "for," the words "year 1872;" and it is argued that this irregularity is fatal, because, as claimed, the deed does not show that John R. Taylor, the purchaser, was the best bidder at the sale — that is, offered to pay the taxes for the least amount of land. But it must be remembered that all presumptions are in favor of this deed, and that no part of the deed should be ignored where a reasonable construction can be given to it.

If plaintiff's contention is right, the words "which was the least quantity bid for" must be entirely ignored. Now, is it necessary to do that? This deed shows that the land in question was subject to taxation for the year 1872; that the taxes assessed against the same for that year were not paid; that at the sale in May, 1873, for the taxes of 1872, at the proper time and place, the treasurer exposed to public sale "the real property above described," referring to the proper description of said land in the opening sentence of the deed, and the only description which the deed contains; and that all this was done "in substantial conformity with all the req-

uisitions of the statutes;" that at the place aforesaid, when
said property was offered for sale, John R. Taylor having
offered to pay the sum of $34.26, etc., for what?   Why cer-
tainly for the thing which was offered for sale, "the property
above described," and "which was the least quantity bid for;"
that said sum so bid was paid to the treasurer, and that "said
property" was stricken off to him at that price.   What prop-
erty was stricken off to him?   Why, the property above de-
scribed, the property which was offered for sale, the real estate
described in the beginning of the deed.   Counsel cite the cases
of *Haynes v. Heller*, 12 Kas. 381, and *Dodge v. Emmons*, 34
id. 732, as inferent'ally sustaining plaintiff's claim.   It seems
to us that stronger cases could hardly be cited against their
proposition.

The claim of the plaintiff in error, that the reasoning of the
court in the cases of *Norton v. Friend*, 13 Kas. 532, and
*Mack v. Price*, 35 id. 134, applies to this case, cannot be
maintained, for in both those cases the tax deeds were based
upon a sale to the county, the court holding in the latter case
that, where the land was sold to the county, the words
"which was the least quantity bid for" in the deed were un-
necessary, because in such a case there can be no competitive
bids.

The cases cited by counsel from Missouri and Nebraska
have but little bearing on this case, by reason of the fact that
they are under different statutes, are governed by different
rules of construction, and the facts passed upon in those cases
are neither similar nor analogous to those in the case at bar.

The opinion of the court was delivered by

HORTON, C. J.:  The only question involved is as to the
validity of the tax deed introduced upon the trial against ob-
jections of the plaintiff.   The serious defect complained of is
in the recital of the sale, which is as follows:

"And whereas, at the place aforesaid, John R. Taylor, of
the county of Clay and state of Kansas, having offered to pay
the sum of $34.26, being the whole amount of taxes, interest

and costs then due and remaining unpaid on said property, for year 1872, which was the least quantity bid for."

The statutory form covering that portion of the deed reads as follows:

"And whereas, at the place aforesaid, A. B., of the county of —— and state of —— having offered to pay the sum of —— dollars and —— cents, being the whole amount of taxes, interest and costs then due and remaining unpaid on said property, for [here follows a description of the property sold]."

The county clerk has failed to include in the tax deed a description of the property, or any property, bid for at the sale. The words in the deed, "which was the least quantity bid for," on account of this omission, do not refer to any property, and it cannot be ascertained from the deed what amount of the property was sold to pay the taxes of 1872. This fatal omission is not supplied in the granting clause of the deed, because there is no description therein of the property sold at the tax sale or conveyed in that clause. The only description is, "the real property last hereinbefore described." If the tax deed had described correctly the amount of land bid for at the tax sale, or if the number of acres bid for had been stated, as in *Dodge v. Emmons*, 34 Kas. 732, following that case, we could say that "the real property last hereinbefore described" referred to the attempted description or acres bid in; but in this case, unlike the Emmons case, there is no description of any property bid for, whether by acres or otherwise. The Emmons tax deed described the tract as "beginning at the southeast corner of the southwest quarter of section 24, township 10, range 24, and containing 90 acres." This tax deed is not as full or complete as the tax deed construed in that case. The legislature intended that at least two descriptions should be included in every tax deed: First, a description of the property assessed, taxed, and offered for sale; and, following that, a second description, showing the least quantity bid for. It was the intention of the lawmakers that the granting clause of the deed should refer to and con-

vey the property actually bid for at the sale. The property actually bid for being omitted, the granting clause refers to nothing; at least, it is vague and uncertain. (Black, Tax Titles, § 401; *Norton v. Friend*, 13 Kas. 532.) In the last case it was said:

"A tax deed should follow the form given by statute only so far as it can do so truthfully, and where it cannot do so truthfully, it should state the facts as they really exist. The form given by statute is for tax deeds for land sold at tax sales to individuals."

We are not unmindful of the rule that a tax deed which has been of record for more than five years should be liberally construed for the purpose of upholding it, but a tax deed must substantially comply with the form prescribed by the statute. It should show that the provisions of the law have been substantially followed, and if there is any fatal omission which ought to have been embraced in the deed under the provisions of the statute, the courts cannot supply or cure such fatal defects. The tax deed, on account of the omission of the property bid for at the sale, did not vest in the grantee thereof an absolute estate in fee.

The judgment of the district court must be reversed, and the cause remanded with direction to the court below to render judgment in favor of the plaintiff upon the findings of fact, and such other proceedings will follow as the statute in such cases directs.

All the Justices concurring.