Hale v. Sweet.

---

## CHARLES P. HALE v. C. B. SWEET.
### No. 269.

1. APPELLATE JURISDICTION — *Statement in Record.* A statement in a case-made that "the amount involved herein in this suit and the matters in controversy exceeds the sum or value of $1000, exclusive of interest and costs," is sufficient to confer jurisdiction.

2. VOID TAX DEED—*Insufficient Description— Granting Clause.* "A tax deed is void upon its face if it fails to state, by descrip-

tion, acres, or otherwise, the property bid for at the tax sale, and the granting clause of the deed fails to cure or supply such defect. In such a case, the description of the land purporting to have been bid off at the tax sale and conveyed in a tax deed is not sufficiently specific or definite, and, therefore, is not designated with 'ordinary and reasonable certainty.'" (*McDonough v. Merten*, 53 Kan. 120.)

Error from Crawford district court; J. S. WEST, judge.   Opinion filed May 19, 1898.   Reversed.

*Morris Cliggitt*, and *Cogswell & Gregg*, for plaintiff in error.

*W. R. Cowley*, for defendant in error.

The opinion of the court was delivered by

SCHOONOVER, J. :   The right of this court to review the judgment of the court below is challenged upon the ground that the amount in controversy, exclusive of costs, does not exceed $100.

The record contains the following statement :  "The amount involved herein in this suit and the matter in controversy exceeds the sum or value of $1000, exclusive of interest and costs."   This statement is sufficient to confer jurisdiction.

In the case of *Loomis v. Bass*, 48 Kan. 26, our supreme court says :

"Under paragraph 4642, General Statutes of 1889, the record brought to this court must affirmatively show that the court has jurisdiction, or the case will be dismissed.   Such jurisdiction can be shown by making the record show that the amount or value of the controversy exceeds $100, or by incorporating therein a certificate of the district judge showing that the case is within the exception of such statute."

This is an action in the nature of ejectment.   The plaintiff claims title to two certain lots in Pittsburg, Crawford county.   The defendant's claim of title 'to

the lots is based upon two tax deeds, the validity of which is the principal question in this case.

Upon the trial, the plaintiff in error, plaintiff below, objected to the introduction of the deeds for the reason that they were incompetent, irrelevant, and immaterial, and were void on their face and insufficient to convey title. The recitals in the deeds are identical in form except as to the name of the purchaser and the amount of the taxes. The recital of the sale and the granting clause are as follows :

" WHEREAS, At the place aforesaid, Mrs. K. Karst, of the county of ———— and state of ————, having offered to pay the sum of $2.26, being the whole amount of taxes, interest and costs then due and remaining unpaid upon said property for the year 1887, which was the least quantity bid for, and payment of said sum having been by her made to the treasurer, the said property was stricken off to her at that price ; and whereas, the said Mrs. K. Karst did, on the 20th day of July, 1891, duly assign the certificate of the sale of the property as aforesaid, and all her rights, title and interest to the said property, to J. D. Brailey ; and whereas, the subsequent taxes for the year 1888, amounting to $11.64, and of the year 1889, amounting to the sum of $17.55, and for the year 1890, amounting to the sum of $22.14 — amounting to the sum of $53.59, have been paid by the purchaser as provided by law ; and whereas, more than three years have elapsed since the date of said sale and the said property has not been redeemed therefrom as provided by law :

" Now, THEREFORE, I, J. C. Gove, county clerk of the county aforesaid, for and in consideration of the sum of $71.15, taxes, costs and interest due on said land for the years 1887, 1888, 1889, and 1890, to the treasurer paid as aforesaid, and by virtue of the statute in such cases made and provided, have granted, bargained, and sold, and by these presents do grant, bargain, and sell, unto the said J. D. Brailey,

his heirs and assigns, the real property last herein-before described, to have and to hold, unto him, the said J. D. Brailey, his heirs and assigns forever; subject, however, to all rights of redemption provided by law."

It will be observed that there is no description of the property or any property bid for at the sale, and there is no description in the granting clause of the property sold or attempted to be conveyed. In the case of *McDonough v. Merten*, 53 Kan. 124, HORTON, C. J., in considering a similar deed, says:

"The legislature intended that at least two descriptions should be included in every tax deed: First, a description of the property assessed, taxed, and offered for sale; and following that a second description, showing the least quantity bid for. It was the intention of the lawmakers that the granting clause of the deed should refer to and convey the property actually bid for at the sale. The property actually bid for being omitted, the granting clause refers to nothing; at least it is vague and uncertain."

Referring to this case and applying the rules there stated to the deed under consideration, the failure to include a description of the property showing the least quantity bid for is a fatal omission, and the tax deed is void.

The judgment of the district court must be reversed, and the cause remanded with direction to the court below to render a judgment in favor of the plaintiff in error upon the findings of fact, and such other proceedings will follow as the statute in such cases directs.