[No. 3822.]

BARNETT v. JAYNES ET AL.

| 26  | 279 |
| f27 | 48 |

| 26  | 279 |
| c34 | 261 |
| 20a | 133 |

1. APPELLATE PRACTICE—FINDINGS OF TRIAL COURT.
Findings of fact by the trial court on conflicting evidence will not be disturbed on appeal.

2. TAXES AND TAXATION—ERRONEOUS ASSESSMENT.
Section 3839 *et seq.* Mills' Ann. Stat. provides a method whereby parties may be relieved from unjust or erroneous assessments of property, and a party failing to petition the board of county commissioners for a correction of such assessment cannot set up as a ground for avoiding a tax sale deed that the property was unjustly assessed.

3. TAX DEEDS—SUBSEQUENT TAXES.
In the form for tax deeds as prescribed by section 3901, Mills' Ann. Stats., the recital of the amount the purchaser or his assignee has paid as subsequent taxes is only necessary where the payment of subsequent taxes are required, as when the land is bid in by the county and the certificate of purchase is assigned to an individual who

obtains a tax deed. Where the individual purchases at the tax sale, he may or may not pay the subsequent taxes, and the omission of the recital of subsequent taxes paid does not invalidate the deed.

4. TAX DEEDS—NON-CONTIGUOUS TRACTS.

A tax deed is not objectionable because it conveys several non-contiguous tracts of land.

5. SAME.

Where a tax deed conveying several tracts of land recites that the several tracts were separately exposed to public sale for the taxes etc. due respectively on each of the said parcels, and that the purchaser separately offered to pay the sum due on each of said parcels, the deed on its face is not objectionable on the ground that the several tracts were sold in bulk, although it states that said parcels were stricken off to the purchaser instead of reciting that they were separately stricken off.

*Appeal from the District Court of Mesa County.*

This is an action to quiet title to the south 1/2 of the southwest 1/4, and the southwest 1/4 of the southeast 1/4 of section 17; and also the northwest 1/4 of the northeast 1/4 of section 20, township 1 north of Range 1 W., situate in Mesa county, Colorado. Appellant, Levi A. Barnett, plaintiff below, claims to be the owner in fee simple, and in possession of the land. The defendants Jaynes and Gallaher claim title thereto through a tax deed. Appellant, in his replication, challenges the validity of the tax deed upon the following grounds:

First: That the tax sale was void for the reason that the taxes, to satisfy which the deed was sold, had been paid.

Second: That the assessment of real property in Mesa county for the year 1890 was not uniform, the land in question being assessed at one-third of its cash value, while other land, of unequal values, was assessed at a uniform rate of $1.25 per acre, although in many instances the cash value was much greater than that.

Third: That the deed is void for the reason that the purchaser at the tax sale did not pay the taxes that accrued on the land in controversy subsequent to the sale.

The issues thus formed were tried to the court, and re-

sulted in a finding and judgment in favor of defendants.   To reverse this judgment plaintiff brings the case here on appeal.

· Mr. S. N. WHEELER, Mr. THOMAS B. STUART and Mr. CHARLES·A. MURRAY, for appellant.

Mr. CHARLES F. CASWELL, for appellees.

MR. JUSTICE GODDARD delivered the opinion of the court.

It appears that in 1890 the land in question was owned by Martha I. Barnett; that she conveyed the same on February 9, 1891, to Edward Thomas, who re-conveyed to her on May 7, 1892.   On January 1, 1895, she and her husband, E. S. Barnett, conveyed the same by warranty deed to Levi A. Barnett, the appellant.   The land was sold for the nonpayment of the taxes for the year 1890, which amounted to $20.48. In pursuance of such sale, on January 13, 1895, the treasurer of Mesa county executed and delivered to Harrington Emerson a tax deed for several tracts of land, including the one in controversy.   Subsequently he conveyed this tract to W. A. Marsh, by whom 150 acres were conveyed to defendant Jaynes, and the remaining ten acres to defendant Gallaher. These conveyances vested the title to the land in the respective defendants, unless the plaintiff has succeeded in showing that the tax deed was a nullity.

1. In support of the claim that the taxes for 1890 were paid, he introduced in evidence several letters written by E. S. Barnett to Mr. Crawford, the treasurer of Mesa county, making inquiry as to the amount of taxes then due on the land, which then stood in the name of Edward Thomas.   Receiving no reply, on February 26, 1891, he inclosed a draft for $13.30, which was the amount of the taxes the preceding year.   This draft was returned to him, with the information that the taxes were $20.48.   He and his wife testify that he sent a draft or check for that amount, and received an answer from the treasurer, stating that he would find inclosed a re-

ceipt for the taxes ; but that there was no receipt inclosed.
This letter was not produced upon the trial, having been de-
stroyed.    He did nothing further in the matter, supposing
that the record would show the payment of the taxes.    Mar-
tha Barnett, after she repurchased the land, paid the taxes
for 1891, 1892, 1893, and did not know that it was claimed
that the taxes for 1890 were not paid, until 1894.    On the
other hand, in addition to the *prima facie* evidence, furnished
by the deed itself, of the nonpayment of the taxes, the treas-
urer Mr. Crawford and his deputy Mr. Shaw, testify positively
that they were not paid ; and the books of the county treas-
urer, wherein it is the duty of the county treasurer to note
the fact when taxes are paid, show no entry of such payment.

Upon this conflicting testimony the court below found that
the preponderance of evidence on this issue was in favor of
defendants.    Under the rule so frequently announced, this
finding is conclusive upon us, and we are precluded from dis-
turbing it upon this review.

2. The next ground relied on is that the court erred in
refusing to permit plaintiff to introduce witnesses to prove
that the assessment of real property in Mesa county for the
year 1890 was not uniform.    We think the court properly
excluded this testimony.    If, as alleged, the real property in
Mesa county was unequally assessed in 1890, and by reason
thereof the valuation of the land in question was excessive,
as compared with other like property, ample opportunities
were afforded for the correction of such error.    Mills' Ann.
Stats. secs. 3838, 3839, *et seq.*    A party who fails to invoke
these remedies cannot be heard to complain of errors in the
valuation of his property after a sale has been made and the
tax deed issued.

3. In support of the third objection it is said that the legis-
lature having prescribed a form of tax deed, in which is a
recital of the amount the purchaser or his assignee has paid
as taxes subsequent to the tax sale, and this recital being ab-
sent from the deed upon which appellee's title depends, that
this renders the deed invalid.    It is undoubtedly true that

when the law prescribes a form of deed, that form must be substantially followed; and any material deviation, except it be to make the deed conform to a state of facts different from that contemplated by the statute form, avoids the deed. Blackwell on Tax Titles, sec. 771. But we think it is also true that where a recital is necessary only under a particular state of facts, and that state of facts does not exist, the omission of the recital does not affect its validity. This recital, as prescribed in the form of deed provided by sec. 3901, Mills' Ann. Stats. is necessary only in case the payment of subsequent taxes is required, as we think they probably are by sec. 3888, Mills' Ann. Stats., when such taxes have accrued upon land bid in by the county, and the certificate of purchase is assigned to a person who obtains a tax deed upon such certificate. However this may be, it is clear that the payment of subsequent taxes is not obligatory upon an individual who purchases at the tax sale. In other words, he may or may not, as he may elect, pay the subsequent taxes. In case he does, then the recital of this fact is necessary, for the obvious purpose of enabling him to recover such taxes in case of a redemption of the property of the owner; but in case he does not, there is no reason why this recital should be contained in the deed.

4. A further objection, which counsel present with much earnestness, is that it appears upon the face of the deed that several different non-contiguous tracts of land are included, and that these tracts were sold *en masse*. We do not think this claim is tenable. The deed is not objectionable because it conveys several tracts of land, although they were non-contiguous. *Waddingham v. Dickson*, 17 Colo. 223. We think this case also answers the further objection, that it appears from the deed that the different pieces of property were not sold separately. The deed recites that the several pieces of property described were "separately exposed to public sale * * * for the payment of the taxes, interest and costs then due and remaining unpaid, respectively on each of the said parcels of property, as offered for sale as aforesaid." And that the

purchaser, "having separately offered to pay the sum due on each of the said parcels, in all amounting to the sum of forty-one (41) dollars and twenty-five (25) cents, being the whole amount of taxes, interest and costs then due and remaining unpaid on said property, for the whole of each of said parcels of real property * * * and the payment of said sum having been made by him to the said treasurer the said parcels of property were stricken off to him at that price."

The only difference between this deed and the deed set out in the *Waddingham* case is that the word "separately" is omitted before the words "stricken off." We do not think that the omission of this word in any way justifies the conclusion that the property described in the deed was sold in bulk; but the plain import of the language used is that the several parcels were separately sold, as required by law.

Other errors and irregularities, occurring after the issuance of the deed, are argued by counsel; but as they are not presented by the assignments of error, or raised by the pleadings, it becomes unnecessary to notice them. Our conclusion is that the grounds on which the validity of the tax deed is assailed are untenable; and the judgment of the court below is affirmed.

*Affirmed.*