[No. 5627.]

## LINES V. DIGGES.

1.   Taxes and Taxation—Tax Sales—Deeds—Description of Property—Statutory Construction.

Section 3893, Mills' Ann. Stats., provides that the county treasurer shall keep a record of tax sales in which shall be entered, inter alia, a description of each tract of land or town lot sold, the name of the purchaser, and the total amount of taxes, interest, penalties, and costs at time of sale; section 3894 provides that the person who offers to pay the amount due on any parcel of land for the smallest portion of the same shall be considered the highest bidder; section 3897 provides that the county treasurer shall execute to such purchaser a certificate of purchase, describing the property on which the taxes and costs were, paid by the purchaser, and also stating how much and what part of such tract was sold; section 3901 prescribes the form of the tax deed, and requires that the sale clause of the deed contain a description of the property sold. Held, that the sections of the statute preceding section 3901 show that competitive bidding, as usually understood, is not to prevail, but that he who offered to pay.the taxes due in return for the smallest portion of the property, shall be successful; so that, under the rule that every section, clause, and word of a statute must be considered to reach the legislative intent, the insertion in the tax deed of a description of the property sold, as required by section 3901, is not a mere matter of form, and its omission is a fatal defect.—P. 171.

2.  **Same—Degree of Particularity Required—Words and Phrases.**

Although § 1901, Mills' Ann. Stats., prescribing the form of tax deeds, requires two descriptions of the property, one of the property assessed, and the other of the property ·sold, the second description need not be of the same particularity as the first, but any apt words which clearly indicate the property bid for and sold are sufficient; and hence, where the entire property assessed is sold, the use of the words "said property," "the property above described," or "the whole of said property," is a sufficient compliance with the statute, being a description of the property bid for and sold by reference to the property described as taxed.—P. 173.

3.  **Taxes and Taxation—Tax Sale—Deeds—Description of Property—Necessity.**

Where no state of facts can exist which will relieve a prospective purchaser of land sold for taxes from bidding for the least quantity of the property which he will take and pay the amount of taxes, interest, penalty, and costs due, upon which bid the portion of the property bid for will be sold to him, it is just as essential to state in the deed ·a description of the property sold, even though the property taxed was described there-in, as it is to recite that the property is subject to taxation; and hence the rule that, where a recital is necessary only under a particular state of facts, and such facts do not exist, the omission of the recital does not affect its validity, does not apply so as to validate a tax deed not containing a description of the property sold.—P. 174.

4.  **Appellate Practice — Ejectment — Remanding ·Cause for Set-off.**

In ejectment against á person in possession under a tax deed, the trial court rendered judgment for plaintiff, and ordered him to pay to the clerk the taxes paid by defendant and interest thereon for the latter's use. Held, that plaintiff, on defendant's appeal, is not entitled to have the cause remanded for further proceeding to enable him. to have the rents and profits which accrued pending the appeal set off against the amount so allowed to defendant.—P. 175.

*Appeal from the District Court of Montrose County.*
*Hon. Theron Stevens, Judge.*

Action by Jennie Digges against Rosa B. Lines. From a judgment for plaintiff, defendant appeals.
*Affirmed.*

Messrs. Ross & Brown and Mr. T. J. Black, for appellant.

Mr. John Gray and Mr. John F. Mail, for appellee.

Mr. Justice Maxwell delivered the opinion of the court:

This is an action in ejectment to recover possession of 160 acres of land in Montrose county.

Appellant was defendant below.

Plaintiff proved title in fee, without objection.

Appellant, to show her title, offered in evidence a tax deed, which was objected to upon the ground, *inter alia,* that it was void upon its face. The court sustained the objection, and no further evidence being offered upon behalf of appellant, rendered judgment for appellee. The only question presented is the validity of the tax deed.

The defect complained of is in the recital of the sale clause in the deed offered, which is as follows:

"And, Whereas, at the time and place aforesaid C. H. Rogers, of the county of Montrose and state of Colorado, having offered to pay the sum of thirteen dollars and fifteen cents, being the whole amount of taxes, interest and costs then due and remaining unpaid on said property, for the year 1898, which was the least quantity bid for, and payment of said sum having been made by him to the said treasurer, the said property was stricken off to him at that price."

Section 3901, Mills' Ann. Stats., provides that this clause of tax deeds shall be substantially in the following form:

"And, Whereas, at the time and place aforesaid, A.................... B.................... of the county of ................, and ................ of ...................., having offered to pay the sum of ............ dollars and............ cents,

being the whole amount of taxes, interest and costs then due and remaining unpaid on said property, for (here follows the description of the property sold), which was the least quantity bid for, and payment of said sum having been made by him to the said treasurer, the said property was stricken off to him at that price.''

. Appellant contends that the words and figures, ''the year 1898,'' inserted in the deed between the word ''for'' and the words ''which was the least quantity bid for,'' are surplusage and should be disregarded; and treating them as surplusage the deed would read: ''being the whole amount of taxes, interest and costs then due and remaining unpaid on said property, which was the least quantity bid for''; that it was not the intention of the legislature, in prescribing the form for a tax deed, that the property should be described twice; that the well-known rules of grammatical construction applied to this deed make it perfectly plain that the words ''said property,'' occurring just before the phrase, ''which was the least quantity bid for,'' refer back to the description of the property taxed contained in the first clause of the deed; that this construction makes it apparent that the deed clearly states, by reference, that ''the least quantity bid for'' was the entire property taxed; that the words ''the real property hereinbefore described,'' in the granting clause of the deed, by the same process refer to the entire property taxed, and the omission of a description of the property bid for from the space provided for that purpose in the deed does not render it void under the rule of liberal construction applied by this court to tax deeds in *Waddingham v. Dickson,* 17 Colo. 223; *Barnett v. Jaynes,* 26 Colo. 279; and *Bertha Gold M. & M. Co. v. Burr,* 31 Colo. 264.

Appellee admits that the rule is that a substantial compliance with the form of tax deed prescribed by the statute is all that is required; but that two descriptions of the property in the tax deed are absolutely essential to its validity: one, the description of the property taxed, and the other the property bid for and sold to the purchaser; and that the omission of the latter is fatal to the deed for the reason that it is only property bid for, sold and struck off to the bidder which can be conveyed by a tax deed; and that the omission of the latter description renders the granting clause of the deed ineffectual, as the words therein, "the real property last hereinbefore described," refer to and are predicated upon nothing in the deed, and cites in support of this contention: *McDonough v. Merten,* 53 Kan. 120; *Hale v. Sweet,* 7 Kan. App. 409.

An examination of the sections of the statute preceding section 3901 will aid in arriving at a solution of the question presented.

Section 3893, Mills' Ann. Stats., provides that the county treasurer shall keep a record of tax sales, in which shall be entered, *inter alia:*

"*Third*—The description of each tract of land or town lot sold.

"*Fourth*—The name of the purchaser.

"*Fifth*—The total amount of taxes, interest, penalties and costs at time of sale."

Section 3894 provides:

"The person who offers to pay the amount due on any parcel of lands for the smallest portion of the same, shall be considered the highest bidder"; and then provides how the portion sold shall be set off.

Section 3897 provides that the country treasurer shall make out, sign and deliver to the purchaser of any real property sold for the nonpayment of taxes

a certificate of purchase describing the property on which the taxes and costs were paid by the purchaser, as the same was described in the book of tax sales; also stating how much and what part of such tract or lot was sold, and prescribing the form of certificate to be issued to the purchaser. One clause of which certificate is headed, "Description of Part Sold."

From the sections of the statute preceding the section which prescribes the form of the deed, it is clear that the legislature intended that competitive bidding, as it is usually understood, where the one who bids the highest sum takes the property, should not prevail at tax sales, but that he who offers to pay the taxes, etc., for the smallest portion of the property should be the successful bidder, and that a permanent record of the property sold, "which was the least quantity bid for," should be kept, and a certificate of the portion sold should be issued to the purchaser.

Counsel for appellant, in their effort to arrive at the intention of the legislature in prescribing the form of the tax deed, make no reference to the foregoing sections of the statute and ignore entirely the phrase in the prescribed form of deed included within the brackets, viz.: "Here follows a description of the property sold."

It is a familiar rule of statutory construction that every section, every clause, and every word must be considered in attempting to arrive at the intention of the lawmakers. Applying this rule, we cannot say that the legislature intended that the insertion of the description of the property sold in the tax deed should be considered a mere matter of form. On the contrary, we believe that such description is of the essence and substance of the deed, and its omission a fatal defect.

In *McDonough v. Merten,* 53 Kan. 120, the identical question here presented was ruled, under a statute identical with section 3901 Mills' Ann. Stats., upon the point here under consideration. Chief Justice Horton, writing the opinion of the court, said:

"The county clerk has failed to include in the tax deed a description of the property, or any property, bid for at the sale. The words in the deed, 'which was the least quantity bid for,' on account of this omission, do not refer to any property, and it cannot be ascertained from the deed what amount of the property was sold to pay the taxes of 1872. This fatal omission is not supplied in the granting clause of the deed, because there is no description therein of the property sold at the tax sale or conveyed in that clause. * * * The legislature intended that at least two descriptions should be included in every tax deed: First, a description of the property assessed, taxed, and offered for sale; and, following that, a second description, showing the least quantity bid for. It was the intention of the lawmakers that the granting clause of the deed should refer to and convey the property actually bid for at the sale. The property actually bid for being omitted, the granting clause refers to nothing; * * * It (the deed) should show that the provisions of the law have been substantially followed, and if there is any fatal omission which ought to have been embraced in the deed under the provisions of the statute, the courts cannot supply or cure such fatal defects. The tax deed, on account of the omission of the property bid for at the sale, did not vest in the grantee thereof an absolute estate in fee."

This case was followed in *Hale v. Sweet,* 7 Kan. App. 409.

While we believe that the legislature intended that a tax deed should include two descriptions, the

first a description of the property assessed, taxed
and offered for sale, and the second the property bid
for and sold, it does not follow that the second de-
scription should be of the same particularity as the
first, but any apt words which clearly indicate the
property bid for and sold will be sufficient; and where
the entire property assessed, taxed and sold is bid for
and sold, the use of the words "said property," "the
property above described," or "the whole of said
property," will be a sufficient compliance with the
statute, being a description of the property bid for
and sold by reference to the property described in
the first clause of the deed.—*Gibson v. Hammerburg,*
83 Pac. (Kan.) 23; *Robertson v. Lombard Co.,* 85
Pac. (Kan.) 528.

Counsel are mistaken when they characterise the
opinion of Chief Justice Horton in *McDonough v.
Merten* as *dictum,* as the opinion was upon the only
question involved in the case.

Counsel for appellant insist that the rule applied
in the Kansas case is inapplicable in this court, under
the doctrine announced in *Barnett v. Jaynes,* 26 Colo.
279, as follows:

"But we think it is also true that where a recital
is necessary only under a particular state of facts,
and that state of facts does not exist, the omission
of the recital does not affect its validity."

There the court had under consideration the
question of the effect of a failure to recite in a tax
deed the amount of subsequent taxes paid by the pur-
chaser or his assignee, and concluded that, inasmuch
as no obligation rested upon the purchaser to pay
subsequent taxes, in case he does not do so there was
no necessity for the recital of the deed; and, under
such a state of facts, the above principle was an-
nounced.

Here no state of facts could exist which would

relieve the prospective purchaser from bidding for the least quantity of property he would take and pay the amount of taxes, interest, penalty and costs due; upon which bid, the portion of the property bid for would be stricken off and sold to him. And it seems to us that it is just as essential to state in the deed, in its prescribed place, a description of the property sold, by reference or otherwise, as it is to recite that the property was subject to taxation.

The other authorities cited by appellant are readily distinguishable from the case at bar, and for this reason are not in point.

The decree below ordered plaintiff to pay to the clerk of the court, for the use of defendant, taxes paid by defendant and interest thereon, within sixty days. We are asked by counsel for appellee to remand the case for such further proceedings as will enable appellee to set off against this amount the rents and profits which have accrued pending this appeal. We know of no authority for such action, and counsel have cited none.

For the reasons cited above, the judgment will be affirmed, and it is so ordered.      *Affirmed.*

CHIEF JUSTICE STEELE and Mr. JUSTICE HELM concur.