LARDNER HOWELL v. M. E. GRUVER.

No. 15,597.   (97 Pac. 467.)

SYLLABUS BY THE COURT.

1. TAX DEEDS—*Description of Land—Designation of Person to Whom Purchase-price Was Paid.* The tax deed in question examined and held not to be invalid for any defect in the description of the land sold, nor for uncertainty of recital as to whom payment of the purchase-price was made.

2. ——— *Same.* The published opinion in *McDonough v. Merten,* 53 Kan. 120, 35 Pac. 1117, is misleading by reason of a typographical deviation from the original opinion.

Error from Rawlins district court; ABEL C. T. GEIGER, judge. Opinion filed June 6, 1908. Affirmed.

STATEMENT.

THE plaintiff in error brought this action in the district court of Rawlins county to recover the possession of a certain tract of land, and for the rent thereof. The defendant answered and set up a tax deed to the land which had been of record more than five years, under which he claimed full title to the land, and denied the plaintiff's right to recover. Omitting the certificate of acknowledgment, and recording, the tax deed is as follows:

"*Know all men by these presents:* That, whereas, the following-described real property, viz., the northeast quarter of section thirty-five (35), township two (2) south, of range thirty-six (36) west, situated in the county of Rawlins and state of Kansas, was subject to taxation for the year A. D. 1889; and, whereas, the taxes assessed upon said real property for the year aforesaid remained due and unpaid at the date of the sale hereinafter mentioned; and, whereas, the treasurer of said county did, on the second day of September, A. D. 1890, by virtue of the authority in him vested by law, at public sale, the sale begun and publicly held on the first Tuesday of September, A. D. 1890, expose to public sale, at the county-seat of said county, in substantial conformity with all the requisi-

tions of the statute in such case made and provided, the real property above described, for the payment of the taxes, interest and cost then due and remaining unpaid upon said property; and, whereas, at the place aforesaid, D. L. Gruver, of the county of Rawlins and state of Kansas, having offered to pay the sum of seventeen dollars and four cents, being the whole amount of taxes, interest and costs then due and remaining unpaid on said property for 1889, to wit, NE$^4$ sec. 35-2-36, which was the least quantity bid for, and payment of said sum having been by him made to the treasurer, the said property was stricken off to him at that price; and, whereas, the said D. L. Gruver did, on the 31st day of August, A. D. 1893, duly assign said certificate of the sale of the property as aforesaid, and all his rights, title and interest to said property, to M. E. Gruver; and, whereas, the subsequent taxes of the year 1890, amounting to $13.76, and of the year 1891, amounting to $14.40, and of the year 1892, amounting to $17.50, amounting to the sum of forty-five dollars and sixty-six cents, have been paid by the said M. E. Gruver, as provided by law; and, whereas, three years have elapsed since the date of said sale and the said property has not been redeemed therefrom, as provided by law; now, therefore, I, A. K. Bone, county clerk of the county aforesaid, for and in consideration of the sum of sixty-two dollars and seventy cents, taxes, cost and interest due on said land for the years 1889, 1890, 1891 and 1892, to the treasurer paid as aforesaid, and by virtue of the statute in such case made and provided, have granted, bargained, and sold, and by these presents do grant, bargain and sell, unto the said M. E. Gruver, her heirs and assigns, the real property last hereinbefore described, to have and to hold unto her the said M. E. Gruver, her heirs and assigns, forever; subject, however, to all rights of redemption provided by law.

"*In witness whereof*, I, A. K. Bone, county clerk as aforesaid, by virtue of authority aforesaid, have hereunto subscribed my name and affixed the official seal of said county, on this 14th day of February, A. D. 1894.

. A. K. BONE, *County Clerk*."

On the trial the parties stipulated that the plaintiff was entitled to recover if the tax deed was invalid; otherwise, judgment should be for the defendant. The

court sustained the tax deed, and rendered judgment accordingly.

*Justin D. Bowersock,* and *Lester W. Hall,* for plaintiff in error.

*Fred Robertson,* and *H. McCaslin,* for defendant in error.

The opinion of the court was delivered by

SMITH, J.: The objections to the tax deed are: (1) That the property sold at the tax sale is not described with the ordinary and reasonable certainty which the law requires; (2) that the deed does not recite that the payment of the amount bid was made to the treasurer of Rawlins county.

The portion of the tax deed which is alleged to contain both of these infirmities reads as follows:

"And, whereas, at the place aforesaid, D. L. Gruver, of the county of Rawlins and state of Kansas, having offered to pay the sum of seventeen dollars and four cents, being the whole amount of taxes, interest and costs then due and remaining unpaid on said property for 1889, to wit, NE4 sec. 35-2-36, which was the least quantity bid for, and payment of said sum having been by him made to the treasurer, the said property was stricken off to him at that price."

The tax deed had been of record for more than five years, and under numerous decisions of this court all reasonable inferences and presumptions are to be indulged in favor of its validity. The criticism of the language used in describing the property sold is that the word "for" should have been used instead of the word "on" between the words "remaining unpaid" and "said property." It is, perhaps, more accurate in such connection to say one offered to pay a certain price for a property than to say he offered to pay the price on the property. However, as there immediately follows a description of the land, and the words "which was

the least-quantity bid for," any possible uncertainty is removed.

The case of *McDonough v. Merten,* 53 Kan. 120, 35 Pac. 1117, is cited as authority for holding this deed invalid. An error in the published report of that case renders it very misleading. The record of the case in this court and the original opinion on file set forth copies of the portion of the tax deed in question as follows:

"And whereas, at the place aforesaid, John R. Taylor, of the county of Clay and state of Kansas, having offered to pay the sum of $34.26, being the whole amount of taxes, interest and costs then due and remaining unpaid on said property, for year 1872 ——— ——— which was the least amount bid for."

As published in the report the blank after "1872" is entirely omitted, a comma being inserted in its place. The deed was held invalid by reason only of the failure of the county clerk to insert a description of the land in that blank space. The deed in this case has a second description of the land where the blank in that deed occurred, and, hence, that case really becomes an authority in favor of the validity of this deed.

As to the second objection, the deed recites that the treasurer of the county was conducting the tax sale at the time and place Gruver made the bid for the land, and that Gruver paid the sum bid to the treasurer before the property was stricken off to him. It is hardly an inference to say this means that the sum bid was paid to the county treasurer. The language could hardly be construed to mean anything else.

The judgment is affirmed.