14 So.2d 599

**KELLY v. STATE.**

**4 Div. 778.**

Court of Appeals of Alabama.
May 18, 1943.

Rehearing Denied June 1, 1943.

J. Hubert Farmer, of Dothan, for appellant.

Wm. N. McQueen, Acting Atty. Gen., and Geo. C. Hawkins, Asst. Atty. Gen., for the State.

RICE, Judge.

Appellant was convicted of the offense of vagrancy. Code of 1940, Tit. 14, Sec. 437,

describes a vagrant (among other descriptions) as "any person who is a prostitute."

As we have long ago declared: "The law defines a prostitute to be a female given to indiscriminate lewdness; a strumpet. 'As a verb, its definition is to offer freely to a lewd use, or to indiscriminate lewdness. As an adjective it means openly devoted to lewdness; sold to wickedness or infamous practices.' A woman may be a prostitute and carry on the business of such if she so holds herself out to the world. She may on the street or in other public *or priavte places* so conduct herself as to make it clear that she is a prostitute, and that such is her occupation. Or any female who frequents or lives in houses of ill fame, or *associates with women of bad character for chastity,* either in public or private, or at a house which men of bad character frequent or visit, or *who commits fornication for hire,* shall be deemed to be a prostitute, or a female who offers her body to an indiscriminate intercourse with men. Finally, a prostitute means a whore or strumpet in the common acceptation of those words." (Italics presently supplied.) Wilson v. State, 17 Ala.App. 307, 84 So. 783; and see note 14 A.L.R. 1502.

The testimony sent up here in the bill of exceptions discloses that appellant was sufficiently shown to be a "prostitute," as that term is defined hereinabove.

Likewise, it appears that no exception reserved on the taking of testimony was to a ruling other than was in accord with the law appertaining, and as we have quoted and set forth.

It results, the judgment of conviction must be affirmed.

And it is so ordered.

Affirmed.