18 So.2d 695

## DAVIS v. STATE.
### 7 Div. 801.

Court of Appeals of Alabama.

June 27, 1944.

No appearance for appellant.

Wm. N. McQueen, Acting Atty. Gen., and Forman Smith, Asst. Atty. Gen., for the State.

RICE, Judge.

Appellant, upon an appeal from a conviction in the County Court, was put upon trial—all in accordance with the Statutes made and provided—upon a Solicitor's complaint alleging that she was a vagrant. Code 1940, Tit. 14, § 437.

Subhead, or subdivision 9 of the vagrancy Statute just cited describes as a vagrant "any person who is a prostitute."

And, without narrating or detailing the sordid testimony, it is sufficient here to say that the verdict of guilty returned by the jury against appellant may well be referred to that supporting the charge in this subdivision 9.

The jury trying the case, we might remark, was correctly charged as to just what constituted a "prostitute." Kelly v. State, ante, p. 201, 14 So.2d 599.

Section 389 of Title 15 of the Code of 1940 provides, here pertinently, that "the court must consider all questions apparent on the record * * * and must render such judgment as the law demands. But the judgment of conviction must not be reversed because of error in the record, when the court is satisfied that no injury resulted therefrom to the defendant."

We have faithfully endeavored to perform our full duty under the terms of the Code Section just quoted. But we have taken full advantage of the proviso in the last sentence thereof.

We would not say that there was no technically erroneous ruling made by the learned trial judge in the admission or rejection of testimony. But in a large number of instances no exception was reserved —in others, the objection came too late.

The elements of the charge against appellant—as specified in the testimony upon which the verdict returned rests—were made known to the jury, correctly. There was no lack of support of the verdict in the testimony legally admitted.

The case is pitiful.

This young, misguided girl would seem more deserving of commiseration than of punishment. But the law may be wiser, even, than we think. For, while it appears that she is being punished, as a matter of fact she is being helped.

We are satisfied that no injury resulted to appellant from any error appearing in the record. The judgment must be affirmed.

It is so ordered.

Affirmed.

CARR, J., not sitting.