126 So.2d 232

Terry HARPER

v.

STATE.

1 Div. 820.

Court of Appeals of Alabama.

Nov. 29, 1960.

Rehearing Denied Jan. 17, 1961.

MacDonald Gallion, Atty. Gen., and Jas. W. Webb, Asst. Atty. Gen., for the State.

—◇—

Vincent F. Kilborn, Mobile, for appellant.

CATES, Judge.

This is an appeal from the Mobile Circuit Court from a conviction under the vagrancy statute (Code 1940, T. 14, § 437), particularly subdivision (9), whereunder the appellant was charged with being a prostitute.

The questions are: (1) whether evidence of two prior acts of sexual intercourse within ninety days of a similar act seen at the time of the defendant's arrest is (a) sufficient for a prima facie case and (b) not too remote in time; and (2) whether a misdemeanor complaint filed by the solicitor in the circuit court which does not conclude with "against the peace and dignity of the State of Alabama" is void for that omission.

The tendencies of the State's evidence were: Mr. Harold Davis, a deputy sheriff of Mobile County, the only witness, testified that at night "around August 4 and 5, 1959," he was on duty with two other deputies. All of them were hiding in the woods behind some six small cabins located in back of a restaurant abutting Old U. S. 90 highway in Mobile County.

Davis saw the defendant go to a cabin; also another girl to another cabin. Then he saw a third girl go from still another cabin to the restaurant.

After some half hour of watching, two of the deputies went to the first cabin. Enter-

ing, they found the defendant and a male bedfellow in anatomical attitudes strongly implying coition.

Upon seeing Davis, the defendant exclaimed, "You again?" Before receiving this statement, the court heard evidence of all preliminaries to properly admitting a confession.

Mr. Davis further testified that he had previously seen the defendant engaged in sexual intercourse. This prior act was some two months beforehand. The defendant was nude, "in the act of prostitution" with a man other than the one with her at the August arrest.

Again thirty days earlier Davis had seen her at the same set of cabins, nude and bedded with a man. Both of these prior surprises were at the same "set of cabins" where the instant act occurred. Davis had raided the establishment "eight or ten times" over a period of two or three years.

Counsel for the defense objected to various questions and moved to exclude certain answers because the other acts of promiscuity—before August 4 or 5—were too remote in time.

After the State rested, upon a defense motion, the State elected to stand on count 2 of the complaint. Next came a motion to exclude the State's evidence. This motion the trial judge overruled.

Whereupon, the defendant rested and asked for an acquittal. Among the grounds she assigned were that the complaint failed to end "contrary to the law and against the peace and dignity of the State of Alabama."

With the motion still before it, the court rose for the day. The next morning, December 18, 1959, the court permitted the State to amend the complaint by adding "contrary to law." To this reopening and amendment, the defense objected.

Definitions and synonyms of and for prostitute are legion. Judge Rice has set forth many of them in Kelly v. State, 31 Ala.App. 201, 14 So.2d 599.

Concededly, as Bricken, P. J., pointed out in Wilson v. State, 17 Ala.App. 307, 84 So. 783, "a single or occasional act of illicit sexual intercourse does not make a woman a prostitute."

■ But here we have more: girls going in and out of small cabins similar to the one in which the defendant was found, prior raids, and the remark, "You again?" These, when added to the defendant's being caught in bed nude on three different occasions with at least two different men, all suffice to support the judge's finding of guilt.

■ We do not think it needful under the statute here invoked in this case for the State to have proved the defendant's sale of her body, i. e., the passing of money. Acts which point to her being a vagrant of this kind, such as lewd conduct and promiscuous associations, may supply the proof. See the discussion by Brickell, C. J., in Toney v. State, 60 Ala. 97; also Sanford, J., in Brannon v. State, 16 Ala.App. 259, 76 So. 991, 994 (of gamblers; "birds of a feather flock together").

■ Whether two or three months past is too remote in time from the date charged is not here a question of law.

A twenty months' span was too far back to go in the circumstances shown in Smitherman v. State, 33 Ala.App. 316, 33 So.2d 396 (charge of dynamiting fish: proof of explosive permit error). But in Busbee v. State, 36 Ala.App. 701, 63 So.2d 290, the trial court—where self-defense was a plea— erred, i. e., abused its discretion in excluding evidence that a knife was found at the scene six to ten hours after the killing. The logical importance of the discovery and the fact that there was no cumulative evidence of the deceased's aggression presented tendencies of a defense under which fairness required that staleness in time

should not be the sole metewand of relevancy.

In Chicarella v. State, 39 Ala.App. 22, 93 So.2d 802, instances of lewd conduct over a year's time were deemed relevant on a charge under the same statute. The question is one of whether or not the trial judge has abused his discretion in admitting or excluding. McElroy, Law of Evidence in Alabama (2d Ed.), § 21.01, subdiv. (2).

The offense here is a misdemeanor. Our Constitution permits the Legislature to dispense with a grand jury in such case: Amendment 37; Frost v. State, 124 Ala. 85, 27 So. 251.

The argument that § 170 of the Constitution makes the conclusion "against the peace and dignity," etc., mandatory in misdemeanor complaints is supported by the first paragraph of the opinion in Simpson v. State, 111 Ala. 6, 20 So. 572, 573, which reads:

"McClellan, J. The information or complaint upon which the appellant was tried and convicted in the circuit court does not conclude, 'against the peace and dignity of the state,' as required by the organic law (Const. art. 6, § 28), and the verdict and judgment upon it cannot be supported."

Contrarily, the Attorney General quotes from the same case, Simpson v. State, 111 Ala. 6, the first paragraph of which there reads:

"McClellan, J.—It is true that the information or complaint upon which the appellant was tried and convicted in the circuit court does not conclude with the words 'against the peace and dignity of the State;' but the omission of these words does not render the complaint insufficient, in such manner as not to support a verdict and conviction thereunder.—Thomas v. State, 107 Ala. 61, 17 So. 941."

Judge McClellan's docket book gives no clue to the discrepancy. The Alabama Digest and the Southern Digest, Indictment and Information, ⬤⟿54, contain a syllabus paragraph taken from the Alabama Report. The manuscript copy in the Supreme Court records contains the first paragraph as shown in the Alabama Report.

█ The manuscript of an opinion in both American and English courts is preferred over published reports. In Goodman v. Jamieson, 72 Misc. 32, 129 N.Y.S. 114, and Howell v. Gruver, 78 Kan. 378, 97 P. 467, discrepancies in the state reports of prior cases were corrected by going to the opinion files of the courts. Sidney v. Shelley, 19 Ves. 352, 357–58, 360–61, contains colloquy between Lord Eldon, L. C., and counsel which shows that he has referred to Lord Hardwicke's manuscript notes to explain a term in a report of an earlier case. In the goods of Alexander (1860), 29 L.J. N.S. (P., M. & A.) 93, we find the court availing itself of a copy of the "actual Report * * * by the Judicial Committee" of the Privy Council given in Tatnall v. Hankey, 2 Moore P. C. 342. See Black, Law of Judicial Precedents, 141, and Allen, Law in the Making (2d Ed.), 155–157; also Bl. Com., Intro., pp. 71 and 72.

This court twice applied the first paragraph in Simpson v. State, 111 Ala. 6, in Posey v. State, 17 Ala.App. 448, 86 So. 117, and Green v. State, 23 Ala.App. 63, 120 So. 468. Moreover, Thomas v. State, 107 Ala. 61, 17 So. 941, has never been questioned except by inference in the Southern Reporter's first paragraph of the Simpson opinion.

At oral argument, counsel for the appellant asked us to distinguish the Simpson and Thomas cases because they fall under the Constitution of 1875. Art. I, § 9, of the former organic law was different from § 8 of the 1901 Constitution, but the variance was in words and not in effect. Art. I of § 9 of the 1865 Constitution had appended "and the proceedings in such cases shall be regulated by law."

Without this clause, counsel submitted, it follows there is now no constitutional authority for the Legislature to regulate such proceedings. Hence, counsel argued, complaints by the State's solicitors in misdemeanor cases must, because of § 170 of the 1901 Constitution, be not only styled in the name of the State of Alabama but must also conclude "against the peace and dignity of the state of Alabama."

Indictments must so end. Smith v. State, 139 Ala. 115, 36 So. 727. However, an indictment is an accusation by a grand jury and does not otherwise than by the required ultimate clause ordinarily identify the wrong complained of as an offense against all the public.

On the other hand, the solicitor's complaint here was captioned "State of Alabama vs. Terry Harper, Defendant In the Circuit Court of Mobile County, Alabama. Criminal No. 1094." Its text began "The State of Alabama by its Circuit Solicitor complains of Terry Harper that prior to," etc.

After the amendment adding "contrary to law," the defendant was then informed that—in addition to the allegation of being a vagrant—(1) the State of Alabama complained of her so being, (2) that the official designated by statute to complain for the State was bringing the prosecution, and (3) it was for a breach of law. Thus the requisitions of § 170—to prevent interloping in prosecutions and the operation of private courts—seem substantially met. See Mahaley v. State, 39 Ala.App. 472, 103 So.2d 824.

We attach no significance to the dropping (in later Constitutions) of the last clause of Art. I, § 9, of the 1865 Constitution. The Simpson and Thomas cases apply here.

The judgment below is due to be

Affirmed.