136 So.2d 920

Sylvester MARCUS

v.

CITY OF BIRMINGHAM.

6 Div. 812.

Court of Appeals of Alabama.

Aug. 15, 1961.

Rehearing Denied Nov. 28, 1961.

Wm. Conway, Birmingham, for appellant.

Wm. C. Walker, Birmingham, for appellee.

CATES, Judge.

Marcus, a bellboy in the Redmont Hotel, was convicted as a pimp. The complaint, in more roundabout fashion, charged that he did incite, aid or abet a female to prostitute herself.

■ Assignment of error 1 complains of the circuit court's overruling the demurrer to the city's complaint. It is argued that the complaint fails to charge an offense. We distinguish this case from Philyaw v. City of Birmingham, 36 Ala. App. 112, 54 So.2d 619.

We consider the words used are specific enough to meet the test of particularity used in Mitchell v. State, Ala.App., 130 So.2d 198, and followed in DuBose v. City of Montgomery, ante, p. 233, 127 So.2d 845.

■ Assignment of error 2 goes to the refusal of the affirmative charge. To point to this claim, Marcus cites us to Reynolds v. State, 30 Ala.App. 256, 4 So.2d 201. The argument is that the evidence was insufficient.

Appeals in municipal ordinance offenses are civil in nature at least so far as requiring assignments of error and briefs. Parks v. City of Montgomery, 38 Ala.App. 681, 92 So.2d 683. Hence, to argue insufficiency, Supreme Court Rule 9(b), requiring a condensation of the testimony of each witness must be met. This recital has been omitted.

■ Assignment of error 5 relates to the refusal of requested charge 6:

"The Court charges the jury that there is no evidence of prostitution practiced by Edith Byers on this occasion complained of."

Conviction of inciting, aiding or abetting another does not require that the other shall have completed the offense encouraged. Shuttlesworth v. City of Birmingham, ante, p. 319, 134 So.2d 213.

Assignment of error 6 rests on the refusal of charge 7:

"The Court charges the jury that there is no evidence of any violation of any state law, of the State of Alabama."

This charge presumably seeks to single out that aspect of § 824 of the General City Code of Birmingham of 1944 which makes inciting, etc., to commit a misdemeanor also an offense against the city.

The assignment is not argued to the required degree. As dictum it can be pointed out that charge 7 gives the jury no instruction as to how to employ the contended for legal statement. Also, the charge is elliptical under § 824, supra, because it fails to distinguish between felony and misdemeanor.

Assignment of error 7 is directed to the refusal of charge 8. This charge is based on the theory that to convict Marcus there must have been an act of prostitution or an intent to commit one by the arresting officer.

■ A single lewd act of sexual intercourse is ordinarily not sufficient to brand a woman as a harlot. Wilson v. State, 17 Ala.App. 307, 84 So. 783. As applied to a male client of a female prostitute, we consider the expression "that he committed an act of prostitution" to be misleading.

Assignments 8 and 9 are not argued in brief other than by statements that error is manifest under authorities cited. Assignment 10 is incomplete.

■ A civil brief on appeal should furnish the court not only all the raw material but the argument in it should give reasoned conclusions which the court could (if not otherwise swayed by the opponent) use as an aid in framing its opinion. Cf. Whitt v. Forbes, 258 Ala. 580, 64 So.2d 77; Bertolla & Sons v. Kaiser, 267 Ala. 435, 103 So.2d 736.

Affirmed.

## On Rehearing

We adhere to the characterization of the appellant as having been convicted as a pimp to be a permissible inference from the evidence in the light of the charge against him in Count 2 of the City's Complaint under which he was convicted, viz:

**480**

"Comes the City of Birmingham, Alabama, a municipal corporation, and complains that Sylvester Marcus, within twelve months before the beginning of this prosecution, and within the City of Birmingham or the police jurisdiction thereof, did, incite, or aid or abet a female to prostitute herself contrary to and in violation of Section 824 of the General City Code of Birmingham of 1944."

 "Pimp," except perhaps as used in "pimp tenure," is not a word of legal meaning. Thus, in People v. Gastro, 75 Mich. 127, 42 N.W. 937, 939, we find:

"* * * courts will take judicial notice of the ordinary meaning of English words, but not of uncommon or extraordinary meanings applied in isolated cases or in particular localities. The word 'pimp' is not, so far as we are informed, a technical word, nor has it acquired any peculiar or appropriate meaning in the law. It is therefore to be construed and understood according to the common and approved usage of the language."

Its dictionary definition begins, "A procurer; a pander." Webster's New International Dictionary (2d Ed.).

Counsel for appellant, pointing out that there are only thirty pages of testimony in the record, asks us to read the entirety. To this we can only refer to the Rules of our Supreme Court. The City is entitled to the benefit of them. Rule 9(b) we construe as being inflexible. This case may use only thirty pages the next may take up three hundred.

In the brief's conclusion, we are reminded:

"Brief, is what the word implies; it should be like a woman's dress, short enough to be interesting, yet long enough to cover the subject.

"A Professor in a religious school was giving instructions to the young Ministers as to how to pray for the Congregation and his instructions were, 'Don't Pray too long, remember the Lord knows something'.

"From the Opinion of this Honorable Court, the writer of this Brief is of the Opinion that the Court wants a Brief like 'making love to a widow woman, you can't over do it'?"

The analogy to feminine garb is on a slightly more emotional plane than prevails in the make-up of an argument of law. In the former the balance of revealing in contrast to concealing presents a more acute aesthetic problem. A good brief should reveal without the beholder's having to speculate on the implication of concealment.

Application overruled.