299 So.2d 339

**James PRINCE**

v.

**CITY OF BIRMINGHAM.**

**6 Div. 709.**

Court of Criminal Appeals of Alabama.

May 21, 1974.

Rehearing Denied June 25, 1974.

William Conway, Birmingham, for appellant.

William C. Walker, Birmingham, for the City of Birmingham.

TYSON, Judge.

Prince, a bellboy at the Belmont Hotel in Birmingham, was convicted as a pimp.

The City's complaint charged that he did bring a woman to the room of a male occupant for unlawful sexual intercourse, contrary to the City Code.

## I

Assignment of Error I complains of the Circuit Court's overruling the demurrer to the City's complaint.

■ We consider the words used to be sufficiently specific to meet the test of particularity required by law. Marcus v. Birmingham, 41 Ala.App. 477, 136 So.2d 920, cert. den. 273 Ala. 711, 136 So.2d 923.

## II

The evidence for the City indicated that Officer Kenneth H. Glover, on March 11, 1973, at about 3:00 in the morning, went to the Belmont Hotel where he paid the appellant $3.50 for a room, was registered, and given a key.

Officer Glover stated that he then went to a room on the third floor, and a few minutes later the appellant appeared with a woman, whose name was Brenda Smith; that he was advised then and there of the cost, and immediately placed both under arrest.

The appellant denied bringing the woman to the room.

Under the evidence, it is clear that the trial court properly overruled the appellant's motion to exclude. Marcus, supra. See also, Kelly v. State, 31 Ala.App. 201, 14 So.2d 599.

## III

■ The appellant asked for the affirmative charge, and an affirmative charge with hypothesis, which were properly refused under the evidence. Moreover, we have carefully reviewed the trial court's oral charge and find that the remaining charges were either properly covered by the oral charge, or that under the evidence in the case, the charges were properly refused. Title 7, Section 273, Code of Alabama 1940.

## IV

Finally, appellant complains that the Ordinance in question is unconstitutional in that such constitutes a violation of the double jeopardy provisions of the Fifth Amendment to the United States Constitution, as this Ordinance allegedly prohibits the appellant from working at a hotel in the City of Birmingham during his sentence (six months). Section 26–4 of the General Code of Birmingham of 1964 reads as follows:

"It shall also be unlawful for the owner or manager of any hotel to employ therein any person who has been convicted of aiding and abetting prostitution."

This matter was raised for the first time in appellant's motion for a new trial.

■ There was no evidence presented to the jury or the trial judge to show that the owner or manager had ever been prosecuted for violation of this provision of the City Code, or that the appellant has lost his employment by virtue of this provision. Since the alleged unconstitutionality was not specifically pointed out *prior to trial,* such may not now be raised for the first time on appeal. Weathington v. City of Birmingham, 52 Ala.App. 77, 289 So.2d 645, cert. den. 292 Ala. 757, 289 So.2d 649, and authorities cited therein.

It therefore follows that the judgment of the trial court is due to be and the same is hereby

Affirmed.

All the Judges concur.