# Wooster *v.* The State.

*Indictment for Keeping Bawdy-House.*

1. *Entering nolle-pros. to one of several counts in indictment.*—The prosecuting attorney may, with the consent of the court, at any time before the trial has commenced, whether a demurrer has been interposed or not, enter a *nolle-pros.* as to one of the two counts in the indictment, thereby electing to proceed on the remaining count alone.

2. *Joinder of offenses, in different counts of indictment.*—The common-law offense of keeping a bawdy-house, and the statutory offense of "being a common prostitute, or the keeper of a house of prostitution, having no honest employment whereby to maintain herself " (Rev. Code, § 3630), may be joined, in separate counts, in the same indictment. (Overruling *Norvell v. The State,* 50. Ala. 174, as to the joinder of separate offenses.)

3. *Evidence of general reputation of house and its inmates.*—Under an indictment for keeping a bawdy-house, evidence of the general reputation of the house is not admissible; but evidence of the general reputation of its inmates, for chastity, is relevant and competent.

FROM the City Court of Montgomery.

Tried before the Hon. JNO. A. MINNIS.

The indictment in this case contained two counts ; the first charging that the defendant "was the keeper of a house of

prostitution, and had no honest employment whereby to maintain herself;" and the second, that she did, " within said county of Montgomery, knowingly keep and maintain a certain common nuisance, to-wit, a bawdy-house, then situate within the city of Montgomery, and then and there kept and used as a bawdy-house, and then and there resorted to for the purpose of prostitution and lewdness ; and for her own lucre and gain, certain persons, whose names are to the grand jury unknown, as well men as women, of evil name and fame, and of dishonest conversation, to frequent and come together did, unlawfully and willfully, cause, permit, and procure ; and said men and women, in said house, as well in the day as in the night, there did suffer and permit to be and remain whoring; to the common nuisance of all good citizens there residing, passing, and being, and in evil example to all others in like case offending ; against the peace," &c. The defendant demurred to the indictment, as the judgment entry recites, " for duplicity, and for misjoinder of offenses ; whereupon, the State, by its solicitor, asked leave of the court to enter a *nolle-prosequi* to the first count of the indictment; which motion was allowed by the court, without passing on said demurrer, and the defendant excepted. The defendant then moved the court to quash the indictment, on the ground that there was no valid indictment in court ; which motion the court overruled, and then required the defendant to plead to the remaining count in the indictment ; to which the defendant objected and excepted. The defendant then demurred to the remaining count in the indictment, which demurrer the court overruled; and the defendant then, being duly arraigned upon said indictment, pleaded not guilty."

" On the trial," as the bill of exceptions states, " the State introduced witnesses tending to show, that the general character of the inmates of the house kept by the defendant, for virtue and chastity, was bad ; to which evidence the defendant objected, but her objection was overruled, and she thereupon duly excepted. The State then asked a witness, if he know the general reputation of said house ; to which the witness answered, that he knew the reputation of the house to be that of a house of prostitution. To this question and answer, each, the defendant objected separately;" and reserved exceptions to the overruling of her objections.

The rulings of the court on the pleadings and evidence, as above stated, are now presented for revision.

JNO. GINDRAT WINTER, for the defendant.—1. The court erred in not sustaining the demurrer to the indictment. The

[Wooster v. The State.]

two counts charged different offenses, which could not properly be joined in the same indictment.—*The State v. Covy,* 4 Porter, 186; *Coleman v. The State,* 5 Porter, 32; *Norvell v. The State,* 50 Ala. 174; Amer. Crim. Law, vol. 1, § 395. The defendant was entitled to the benefit of her demurrer, and the consequences of the misjoinder could not be avoided by striking out one of the counts.—*Rose v. The State,* Minor, 28.

2. The court erred in admitting evidence of the general reputation of the house and its inmates.—Amer. Crim. Law, vol. 3, § 2367; *Commonwealth v. Hopkins,* 2 Dana, 418; *Overstreet v. The State,* 3 How. Miss. 328; *United States v. Jourdine,* 4 Cranch, 338; *People v. Mauch,* 24 How. N. Y. Pr. 276; *Commouwealth v. Stewart,* 1 Serg. & R. 342.

JNO. W. A. SANFORD, Attorney-General, for the State.— There was no misjoinder of offenses in the indictment. The two offenses charged belong to the same class, and are subject to the same kind of punishment, differing only in the degree of severity.—*Cawley v. The State,* 37 Ala. 152, and authorities there cited; *Oliver v. The State,* 37 Ala. 134; *Scott v. The State,* 37 Ala. 122; *Johnson v. The State,* 29 Ala. 62. Even if there was a misjoinder, the solicitor had a right, with the consent of the court, to enter a *nolle-prosequi* as to one count, notwithstanding the demurrer.—Rev. Code, § 4150; *United States v. Stowell,* 2 Curtis, C. C. 153. As there was no judgment on the demurrer, there is nothing for this court to revise in reference to it.—*Lewis v. Paul,* 42 Ala. 140.

BRICKELL, C. J.—The first count in the indictment charges the statutory offense of being " a common prostitute, or the keeper of a house of prostitution," having no honest employment, whereby the defendant could maintain herself. The second count charges the common-law offense of keeping a bawdy-house.. The two offenses are of the same nature, belong to the same class of crimes, and each is a misdemeanor. The statutory offense is punishable, on the first conviction, by fine of not less than ten, nor more than fifty dollars; and a second conviction, within six months after the first, is punishable by fine of not less than fifty dollars, nor more than one hundred dollars, to which hard labor for the county, or imprisonment in the county jail, for a term not exceeding six months, may be added.—R. C. § 3630. The common-law offense is punishable by fine, not exceeding five hundred dollars, to which imprisonment in the county jail, or hard labor for the county, not exceeding six months, may be added.—R. C. § 3754. A demurrer was interposed to the whole indictment, because of a misjoinder of offenses;

and to the second count, because it was an insufficient statement of the offense.   Without passing on the demurrer, against the objection of the defendant, the court, before the jury were impannelled, and before the trial had commenced, permitted the solicitor to enter a *nol. pros.* as to the first count, proceeding for a conviction on the second count alone. It was the right of the solicitor, certainly at any time before the trial was commenced, whether a demurrer had been interposed or not, with the consent of the court, to enter a *nol. pros.* as to either count in the indictment, thereby electing to proceed alone on the remaining count.—1 Bish. Cr. Pr. §§ 443, 446 ; *State v. Merrill*, 44 N. H. 264.

2.   There was, however, no misjoinder of counts.   The rule to which the counsel of appellant refers, extracted from former decisions of this court—that two offenses, committed by the same person, may be included in the same indictment, *in different counts*, only when they are of the same general nature, and belong to the same family of crimes, and where the mode of trial and nature of punishment are also the same—obtains only in cases of felony.   In such cases, no objection to the indictment, for a misjoinder, can be made by demurrer.   A motion to the court, to compel an election of the counts on which a conviction will be sought, is the only right of the accused.—1 Arch. Cr. Pl. & Pr. 94-5.   The motion will always be granted, or the court, of its own motion, will interfere, by quashing the indictment, when an attempt is made, as manifested either by the indictment or the evidence, to convict the accused of two or more offenses, growing out of distinct and separate transactions.   The court ought not and will not interpose, when the joinder is intended and calculated to meet the different aspects in which the evidence may present a single transaction, or a single offense.—*Mayo v. State*, 30 Ala. 32.   This practice of compelling an election, or of quashing the indictment, if there was failure or refusal to elect on which count or counts a conviction would be claimed, never prevailed in reference to misdemeanors.—1 Arch. Cr. Pl. & Pr. 94-5 ; 1 Bish. Cr. Pr. §§ 448, 449, 452 ; 1 Wharton's Am. Cr. Law, § 414 ; *Kane v. People*, 8 Wend. 203 ; *Commonwealth v. Birdsall*, 69 Penn. St. 482. It is, of consequence, a general rule of the common law, prevailing here in the absence of a statute changing it, that "two or more misdemeanors, growing out of separate and different transactions, may, in different counts, be joined in the same indictment."—1 Bish. Cr. Pr. § 452 ; 1 Whart. Am. Cr. Law, § 414 ; 1 Arch. Cr. Pl. & Pr. 94-5 ; *People v. Costello*, 1 Denio, 90 ; *Kane v. People, supra ; Commonwealth v. Gillespie*, 7 Serg. & Rawle, 469.   The court, in cases of such

joinder, should doubtless exercise great care, to protect the accused from embarrassment in his defense. But there is no legal objection to it. Here, the offenses were of the same nature, and the joinder may have been necessary to meet the varying phases of the evidence. It would be difficult to affirm that the rule applicable in indictments for ' felonies would have required the court to interpose, either by compelling an election, or by quashing the indictment. The two offenses are of the same nature, and are so near akin that a joinder may be necessary to the due administration of the criminal law. The case of *Norvell v. State*, 50 Ala. 174, is in conflict with our views, and must be overruled.

The second count, on which the trial was had, is sufficient, and was not affected by the *nol. pros.* as to the first.

3. The authorities are not harmonious, as to the admissibility of evidence of the reputation of the house, on an indictment for keeping a bawdy, or a disorderly house. In *State v. McDowell*, Dudley, S. C. 346, such evidence was held admissible. Other authorities have repudiated it.—*People v. Mauch*, 24 How. Pr. 276; *United States v. Jourdine*, 4 Cranch, Cir. Ct. 338; *Commonwealth v. Stewart*, 1 Serg. & Rawle, 344; *Smith v. Commonwealth*, 6 B. Monroe, 21. We prefer to follow the rule as stated in these latter authorities. The accusation is of a specific offense, in its nature susceptible of proof by witnesses who speak from their knowledge. The rule is, that hearsay evidence—and such is the evidence of reputation—is inadmissible to establish any specific fact, capable of direct proof by witnesses speaking from their own knowledge; and when the rule is relaxed, it is from necessity alone.—*Overstreet v. State*, 3 How. (Miss.) 328. The accusation is, not that the defendant kept and maintained a house which bore an evil name, but that she kept and maintained a *bawdy-house*, indictable, not because of its ill-fame, but because of the immoral and corrupting practices there indulged, and the evil persons there permitted to congregate for these practices. It is these practices, and the character of the persons there frequenting, and these only, which could render it a bawdy-house in the meaning of the law. If it has obtained that reputation justly, it is from these specific facts : and it seems to us in accordance with principle, and with the humanity of the criminal law, to require the evidence of these facts, and not of the reputation which, if it really and truthfully exists, is based on them. We hold, that the Circuit Court erred in admitting the evidence of the general reputation of the house. But the evidence of the general character of the inmates of the house for chastity was properly admitted. It was a fact, tending to show the

[Provo v. The State.]

house was of the character imputed to it—a bawdy-house. Its sufficiency was matter for the jury, and would depend on its connection with other facts, tending to show that the house was kept and maintained for prostitution.—2 Bish. Cr. Pr. § 116.

For the error pointed out, the judgment is reversed, and the cause remanded. The appellant must remain in custody, until discharged by due course of law.