# Toney *v.* The State.

*Indictment for Keeping Bawdy-House, and for Vagrancy.*

1. *Keeping bawdy-house, and vagrancy; sufficiency of indictment.*—A count which charges that the defendant "did keep a certain house of ill fame, then and there resorted to for the purpose of public prostitution and lewdness," sufficiently charges the common-law offense of keeping a bawdy-house; and a count which charges that she "was a common prostitute, or the keeper of a house of prostitution, and had no honest employment, whereby to maintain herself," sufficiently charges the statutory offense of vagrancy (Code of 1876, § 4218); but a count which simply charges that she "was a common prostitute, or the keeper of a house of prostitution," without more, is not a sufficient charge of any offense.

2. *Verdict of guilty, under indictment containing good and bad counts.*—When an indictment contains several counts, one of which is good, and there is no demurrer to the bad counts, a general verdict of guilty will be referred to the good count, and the conviction will be sustained.

3. *Keeping bawdy-house; what constitutes offense, and evidence of.*—Under an indictment for keeping a bawdy-house, evidence of the general reputation of the inmates of the house, but not of the house itself, is admissible for the prosecution; and it must be shown that the defendant governed or managed the house, or assisted in its government and management: it is not enough to show that she resided in the house for the purposes of prostitution.

4. *Vagrancy as common prostitute, or keeper of house of prostitution.*—Under an indictment for vagrancy as a common prostitute, or keeper of a house of prostitution, having no honest employment whereby to maintain herself, evidence of the reputation of the house in which the defendant lived is not admissible for the prosecution; nor is the bad character of the defendant admissible, in the first instance, as a fact showing that she was a common prostitute; but it may be shown that she resided in a house kept for prostitution, and was there visited by lewd and disorderly persons, and that her associates were persons of ill repute; and these facts being proved, she may, in rebuttal, prove that her health and physical condition rendered prostitution improbable, if not impossible.

FROM the County Court of Madison.
Tried before the Hon. WILLIAM RICHARDSON.

HUMES & GORDON, for the defendant.

JOHN W. A. SANFORD, Attorney-General, for the State.

BRICKELL, C. J.—The indictment contains three counts; the first charging, that the defendant "did keep a certain house of ill fame, then and there resorted to for the purpose of public prostitution and lewdness;" the second charging,

that she "was a common prostitute, or the keeper of a house · of prostitution, and had no honest employment, whereby to maintain herself;" the third charging, that she was "a common prostitute, or the keeper of a house of prostitution." The first count charges the common-law misdemeanor of keeping a bawdy-house. The second is a count for vagrancy, under the statute.—R. C. § 3630; Code 1876, § 4218. The third is not a sufficient charge of any offense, either at common law, or under the statute. There was, however, no demurrer to it, and the verdict must be referred to the counts which are good.

In no aspect of the case, was it permissible to give evidence of the reputation of the house in which the defendant lived. To support the first count, it was permissible for the State to prove the reputation of the inmates of the house. *Wooster v. State*, at last term. This count could not, however, be sustained, without proof that the defendant governed and managed, or aided and assisted in governing and managing the house. It is not enough that she was an inmate of the house, and there for the purposes of prostitution. The offense consists in *keeping* a house of ill fame, resorted to for the purposes of prostitution, not in residing in such house, without having control over it.

The second count could be supported only by proof that the defendant was a common prostitute, and had no honest employment whereby to maintain herself. The two facts must concur, and must be shown by legal evidence. The bad character of the defendant is not admissible, in the first instance, as a fact showing she was a common prostitute. *State v. Hurd*, 7 Iowa, 411. It may be shown that she resided in a house kept for prostitution; that she was visited by lewd and disorderly persons, and that her associates were persons of ill repute. These are all facts, tending to show she was a common prostitute; and their sufficiency to prove the fact is for the consideration and determination of the jury. All unfavorable inferences, arising from these facts, it was permissible for the defendant to remove, so far as the jury may regard them as removed, by evidence that her health and physical condition rendered prostitution improbable, if not impossible.

It is unnecessary to extend this opinion by an application of these rules to the several rulings of the County Court. They were inconsistent with them, and the judgment must be reversed, and the cause remanded; the prisoner remaining in custody until discharged by due course of law.