(84 South. 783)

WILSON v. STATE. (1 Div. 351.)

(Court of Appeals of Alabama. Jan. 13, 1920.)

1. PROSTITUTION ⬦1—VAGRANCY ⬦3—DEFINITION OF "PROSTITUTE"; EVIDENCE INSUFFICIENT TO JUSTIFY CONVICTION.

In prosecution for vagrancy under Code 1907, § 7843, subd. 9, on the ground that defendant was a prostitute, evidence *held* insufficient to justify a conviction, and to make refusal of a general affirmative charge error; a "prostitute" being a female given to indiscriminate lewdness; a strumpet.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Prostitute.]

2. CRIMINAL LAW ⬦450—OPINION EVIDENCE INADMISSIBLE TO SHOW THAT DEFENDANT KEPT A HOUSE OF PROSTITUTION.

In a prosecution for vagrancy under Code 1907, § 7843, subd. 10, on the ground that defendant was the keeper of a house of prostitution, evidence consisting of conclusions by witnesses that the house was of such a character, being an invasion of the province of the jury, was inadmissible.

3. DISORDERLY HOUSE ⬦4 — "HOUSE OF PROSTITUTION" DEFINED.

Every house where illicit intercourse is indulged in is not necessarily a house of prostitution; it must have the elements of a public

house; a house where many people may frequent for immoral purposes, or a house where one may go for immoral purposes without an invitation.

Appeal from Circuit Court, Mobile County; Joel W. Goldsby, Judge.

Sarah Wilson, alias Simmons, was convicted of being a vagrant, and she appeals. Reversed and remanded.

Gordon & Edington, of Mobile, for appellant.

A witness may not testify by expressing an opinion as to the very matter the jury must determine. 82 Ala. 38, 2 South. 451; 159 Ala. 44, 49 South. 224, 133 Am. St. Rep. 17; 187 Ala. 10, 65 South. 514; 60 Ala. 97; 55 Ala. 217. The defendant was entitled to the affirmative charge. 98 Ala. 61, 13 South. 325; 98 Ala. 99, 12 South. 723.

J. Q. Smith, Atty. Gen., and Lamar Field, Asst. Atty. Gen., for the State.

The court did not err in the admission of evidence. 5 Ala. App. 196, 59 South. 366. Objections to evidence, not followed by motions to exclude, present nothing for review. 16 Ala. App. 3, 74 South. 840. There was no room for the affirmative charge. 74 South. 400.

BRICKEN, P. J. The defendant was indicted for being a vagrant. The prosecution was based upon subdivisions 9 and 10 of section 7843 of the Code of 1907: (9) That defendant is a prostitute; (10) that defendant is a keeper of a house of prostitution. From a judgment of conviction she appeals, and counsel for appellant assigns errors and insists that the lower court erred in its rulings upon the admission of evidence, and also in its refusal to give the general affirmative charge requested in writing by the defendant.

While several rulings of the court are complained of as being error, there are but two questions involved in this case: First, was the defendant a prostitute? or, second, was she a keeper of a house of prostitution within the time covered by the indictment?

The law defines a prostitute to be a female given to indiscriminate lewdness; a strumpet. "As a verb, its definition is to offer freely to a lewd use, or to indiscriminate lewdness. As an adjective it means openly devoted to lewdness; sold to wickedness or infamous practices." A woman may be a prostitute and carry on the business of such if she so holds herself out to the world. She may on the street or in other public or private places so conduct herself as to make it clear that she is a prostitute, and that such is her occupation. Or any female who frequents or lives in houses of ill fame, or associates with women of bad character for chastity, either in public or private, or at a house which men of bad character frequent or visit, or who commits fornication for hire, shall be deemed to be a prostitute, or a female who offers her body to an indiscriminate intercourse with men. Finally, a prostitute means a whore or strumpet in the common acceptation of those words. But a single or occasional act of illicit sexual intercourse does not make a woman a prostitute; and a female may live in a state of illicit carnal intercourse with a man for years without becoming a prostitute.

[1] A careful examination of all the evidence in this case shows that there is a total lack of evidence to sustain the charge that the defendant was a prostitute. None of the witnesses introduced upon the trial of this case testified to any knowledge of any illicit sexual intercourse of any kind with any man by the defendant, nor was it shown that any of the witnesses had any knowledge of facts which would tend to show that the defendant was guilty of such conduct as would constitute her a prostitute, or any facts from which such inference could be drawn, and the court erred in refusing to give the general affirmative charge in her behalf on this question. 1 Mayfield, Dig. p. 740; Haygood v. State, 98 Ala. 61, 13 South. 325.

[2, 3] There was also error in the rulings of the court in permitting each of the state witnesses to testify, over the timely objection of the defendant, that the house in question was a house of prostitution. This was clearly an invasion of the province of the jury it being one of the material issues of the case for the jury to decide from all the facts and circumstances. This testimony was the expression of the opinion of the witnesses and a mere conclusion upon their part. Whether or not a house is one of prostitution depends upon certain conditions and facts, and whether such conditions and facts exist or not is clearly for the jury to determine from the evidence introduced upon the trial, and it is for the jury to conclude from such conditions and facts as are testified to whether a house is one of prostitution or not, and, if so, was the defendant the keeper of such house? It cannot be said that every house where illicit sexual intercourse is indulged in between a man and woman is necessarily a house of prostitution. To the contrary, in order to constitute a house one of prostitution, it must have the elements of a public house; a house where many people may frequent for immoral purposes, or a house where one may go for immoral purposes without an invitation. The house itself and its environments was susceptible of description, as was the character of the inmates or frequenters, and it was for the jury to determine from such evidence whether or not the house of defendant was a house of prostitution. Wooster v. State, 55 Ala. 217. A question

calling for the mere opinion or conclusion of the witness is objectionable. McCalman v. State, 96 Ala. 98, 11 South. 408; Pilcher v. State, 16 Ala. App. 237, 77 South. 75; McKee v. State, 82 Ala. 38, 2 South. 451; Ragland v. State, 187 Ala. 5, 65 South. 776; Toney v. State, 60 Ala. 97; Wooster v. State, 55 Ala. 217.

Other questions presented relating to the ruling of the court upon the testimony need not here be treated. Suffice it to say that there is no evidence in the record, except the illegal evidence above mentioned, proving or even tending to prove that the defendant was the keeper of a house of prostitution, and, as above stated, the court erred in allowing this evidence to go to the jury.

It follows that the judgment of conviction must be reversed, and the cause remanded.

Reversed and remanded.