## SMITH v. STATE. (6 Div. 21.)

(Court of Appeals of Alabama. Jan. 30, 1923.)

**1. Witnesses ⬅37(4) — Character witness must first show knowledge of general reputation.**

In order to render a witness competent to testify as to character, the preliminary inquiry

⬅For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

must be whether the witness knows the general character of the person whose reputation or character is sought to be proven.

**2. Disorderly house ⬳16—Inquiry as to reputation of inmates must be confined to general reputation.**

It was error, in a prosecution for keeping a disorderly house, to permit the state to inquire as to the reputation of the inmates of the house, without limiting the inquiry to their general reputation.

Appeal from Circuit Court, Jefferson County; J. B. Aird, Judge.

Ida Smith was convicted of an offense, and she appeals. Reversed and remanded.

Murphy & Hanna, of Birmingham, for appellant.

A character witness, to be competent as such, must first be able to state that he knows the general character of the defendant in the community in which he lives, and then state whether it is good or bad. 117 Ala. 93, 23 South. 130; 1 Greenl. Ev. § 461; 22 Ala. 23; 8 Ala. App. 187, 62 South. 575; 88 Ala. 116, 6 South. 758, 6 L. R. A. 301; 2 Ind. 91, 52 Am. Dec. 494; 119 Mass. 345, 20 Am. Rep. 325; 116 Mass. 350; 1 Wharton Crim. (10th Ed.) 239; 108 Ala. 180, 19 South. 540; 147 Ala. 699; 62 Kan. 436, 63 Pac. 752; 51 App. Div. 411, 64 N. Y. Supp. 827; 108 Ala. 54, 18 South. 843; 109 Ala. 11, 19 South. 535.

Harwell G. Davis, Atty. Gen., and Lamar Field, Asst. Atty. Gen., for the State.

Questions calling for the reputation of inmates of defendant's house were properly allowed. Underhill on Crim. Ev. (2d Ed.) 783; 60 Ala. 97.

BRICKEN, P. J. The evidence adduced upon the trial of this case failed to sustain counts 2 and 3 of the indictment and the court properly gave the general affirmative charge in behalf of the defendant as to these counts. The remaining counts of the indictment charged the defendant with being a vagrant, and with being a prostitute, and, third, that she was the keeper, proprietor, or employee of a house of prostitution.

We gather, from reading the record, that the state relied principally upon the alternative averment that the defendant was a keeper or proprietor of a house of prostitution. In order to sustain this charge, the state offered testimony of three police officers of the city of Birmingham, the substance of their testimony being the defendant resided in a certain designated place in the city of Birmingham, and that during the time she lived there several women at different times lived or resorted there in the same house with

defendant. Over the objection of defendant, the state was permitted to inquire as to the "reputation" of these women, and, as the inquiry was not directed to their general reputation or general character, the objections were well taken and should have been sustained.

[1, 2] In order to render a witness competent to testify as to character, the preliminary inquiry must be whether the witness knows the general character of the person whose reputation or character is sought to be proven. If the answer is in the affirmative, the inquiry can then proceed as to what that general character is. In other words, a character witness, to be competent as such, must first be able to state that he knows the general character of the person whose character is under investigation, in the community where he lives or where such person is known. Smith v. State, 8 Ala. App. 187, 62 South. 575. In Wooster v. State, 55 Ala. 217, the court held that the evidence of the general character of the inmates of the house for chastity was properly admitted.

For the error designated, the judgment of the circuit court is reversed, and the cause remanded.

Reversed and remanded.