### VALVERDI v. STATE.    (I Div. 689.)

(Court of Appeals of Alabama.    Dec. 14, 1926.)

**1. Criminal law ⬳369(2)—That other offense was developed by the evidence was immaterial.**

That some other offense may have been developed by evidence is immaterial, since evidence must establish particular offense charged in order to sustain conviction.

**2. Constitutional law ⬳70(1)—Courts must take law as they find it.**

Courts must take law as it is imposed upon them.

**3. Indictment and information ⬳171—Accused can be called upon to defend only specific charge preferred.**

Accused can be called upon to answer or defend only specific charge preferred.

**4. Vagrancy ⬳3—Evidence of single act of sexual intercourse held insufficient to sustain conviction for vagrancy (Code 1923, § 5571, subd. 9).**

Evidence, disclosing one isolated act of sexual intercourse only, *held* insufficient to sustain conviction for vagrancy, under Code 1923, § 5571, subd. 9, declaring prostitutes vagrants.

Appeal from Circuit Court, Mobile County; Claude A. Grayson, Judge.

Evelyn Valverdi was convicted of vagrancy, and she appeals. Reversed and remanded.

Chas. W. Tompkins, of Mobile, for appellant.

There was no evidence to support the charge of vagrancy, and the affirmative charge should have been given for defendant. Code 1923, § 5571 (9); Haygood v. State, 98 Ala. 61, 13 So. 325; Taylor v. State, 59 Ala. 19.

Harwell G. Davis, Atty. Gen., and Chas. H. Brown, Asst. Atty. Gen., for the State.

---

The evidence made a question for the jury whether defendant was guilty of the offense charged, and the affirmative charge was properly refused. Neely v. State, 18 Ala. App. 565, 93 So. 382; Edwards v. State, 19 Ala. App. 129, 95 So. 560.

BRICKEN, P. J. In this case the charge, by indictment, was vagrancy. From the judgment of conviction, this appeal was taken.

[1-3] The controlling inquiry in the court below and here is whether or not the facts adduced upon this trial constituted the offense complained of in the indictment. That some other offense may have been developed by the evidence is immaterial. If the evidence failed to establish the particular offense charged, the judgment of conviction for vagrancy cannot stand. In other words, the material single inquiry here is whether the testimony, if believed, under the required rules, justified a conviction of the particular or specific offense charged. There is no necessity to recite or rehearse any or all of the evidence; certainly, there is no desire or inclination upon the part of this court to do so. Suffice it to say the facts shown are revolting and nauseous. We are, however, without the power of selection, for courts must take the law as it is imposed, and as a consequence must often go into cases of the most objectionable and revolting nature. Anderson v. State, 19 Ala. App. 606, 99 So. 778. It is elementary that the accused can be called upon to answer or defend only the specific charge preferred. As stated in Anderson's Case, supra:

"This defendant was called upon and required to defend only against the homicide charged in the indictment, and however reprehensible her conduct may have been in other respects, * * * unless it was shown, under the required rules, that the deceased was unlawfully killed and that this defendant actually did the killing, or aided and abetted therein, she would be entitled to her discharge. Resentment, prejudice, and suspicion have no place in the trial of a person charged with crime. In other words, 'The sea of suspicion has no shore, and the court that embarks upon it is without rudder or compass.'"

In here deciding whether or not the offense of vagrancy was developed upon this trial, we need not resort to the common-law definition thereof, for the several statutes of this state have rendered the common law upon this subject unimportant, except by analogy.

[4] The statute (section 5571, Code 1923) defines and prohibits vagrancy. The punishment therefor is provided by section 5572, Code 1923. There are 13 subdivisions of the statute, supra, defining the offense of vagrancy, and it must be conceded, under the evidence here, if any of these apply to this case, subdivision 9 only is applicable, to wit, "9. Any person who is a prostitute." Under the definition of a prostitute announced by this court in the case of Wilson v. State, 17 Ala. App. 307, 84 So. 783, and generally accepted, the facts in the case at bar do not constitute this appellant a prostitute. The learned trial judge in his oral charge stated:

"The question is, Is she guilty of vagrancy as charged in that indictment? It charges her with being a prostitute. The court charges the jury that one act of sexual intercourse does not of itself, of necessity, constitute prostitution. It is like where one is charged with adultery or fornication. It isn't an occasional act that is the crime, but it is the state of living in the crime of fornication or adultery. So it is with vagrancy. It isn't the fact that one is guilty of a low and reprehensible act on one occasion, but does she lead a life in an immoral way as to be a vagrant."

This statement by the court is in line with what has been here said, but, as the undisputed evidence disclosed one isolated act only and as the other evidence in the case was a direct refutation of the vagrancy charge, the court fell into error by not so instructing the jury. As a matter of law, the defendant was entitled to have the verdict directed in her favor. For the failure of the court so to hold, the judgment of conviction must be reversed and the cause remanded.

Reversed and remanded.