(133 So. 747)

## NELSON v. STATE.

### 8 Div. 197.

Court of Appeals of Alabama.
April 7, 1931.

Frank B. Embry, of Pell City, and R. T. Goodwyn, Jr., of Montgomery, for appellant.

Thos. E. Knight, Jr., Atty. Gen., and Jas. L. Screws, Asst. Atty. Gen., for the State.

RICE, J.

O. B. Hill, Jr., and C. P. Almon, both of Florence, and A. H. Carmichael, of Tuscumbia, for appellant.

Thos. E. Knight, Jr., Atty. Gen., and Jas. L. Screws, Asst. Atty. Gen., for the State.

RICE, J.

Appellant, tried before the court, sitting without a jury, was convicted of the offense of being a vagrant. Code 1923, §§ 5571, 5572.

Upon her trial, the state elected to base its claim for a conviction upon the charge, embraced in the indictment which was in Code form, that appellant was a vagrant, because she was "a keeper, proprietor or employee of a house of prostitution." Code 1923, § 5571, subsec. 10.

We shall endeavor to state a summary of the tendencies of the testimony, which, in all essential respects, was undisputed. It is that appellant rented, resided in, and had charge of, a rather commodious one-story house at a designated point in Florence, Ala.; that she had so occupied said house for several years prior to the time of the returning of the indictment against her, to wit, March 18, 1929; that there were three girls in the house for some of the time during the year immediately preceding March 18, 1929, who had the general reputation of being prostitutes, and some other inmates of same whose reputation is not shown; that a number of men, during the year immediately prior to March 18, 1929, some from nearby and some from far away, visited the house without invitation, for immoral purposes; that no witness had ever seen any act of prostitution committed in said house, or by any of its inmates; that appellant seemed to exercise a sort of control over the girls who lived in said house; that appellant had a legitimate source of income, owning a right considerable tract of farm land, throughout the time in question here, and the house she lived in bore a sign "Room and Board." This is all.

■ In the first place, the testimony referred to above that men visited the house in question without invitation, "for immoral purposes," was, in our opinion, and we hold, but the statement of a conclusion or opinion of the witness giving same, and appellant's objection to the question calling for same should have been sustained. Pilcher v. State, 16 Ala. App. 237, 77 So. 75.

■ And, in the second place, "prostitution," or the act of being a "prostitute," is a crime (Code 1923, § 5571, subsec. 9) in and of itself. We do not think it can be proved by "general reputation." Neither can the fact that a house is a "house of prostitution" be proved by "general reputation."

As was said in the opinion in the case of Wooster v. State, 55 Ala. 217, so we say here:

"The accusation is of a specific offense, in its nature susceptible of proof by witnesses who speak from their knowledge. The rule is, that hearsay evidence—and such is the evidence of reputation—is inadmissible to establish any specific fact, capable of direct proof by witnesses speaking from their own knowledge; and when the rule is relaxed, it is from necessity alone. * * * The accusation is, not that the defendant kept and maintained a bawdy-house [house of prostitution, here], indictable, not because of its ill-fame, but because of the immoral and corrupting practices there indulged. * * *

"If it has obtained that reputation [of being a house of prostitution] justly, it is from these specific facts; and it seems to us in accordance with principle, and with the humanity of the criminal law, to require the evidence of these facts [acts of prostitution, etc.], and not of the reputation which, if it really and truthfully exists, is based on them."

In this case there was no testimony offered as to the "general reputation" of the house, but the object of the testimony offered along this line was to show the "general reputation," as "prostitutes," of some of the inmates.

Since the house, as a house, could have "no reputation," other than such as was given to it by its inmates or frequenters (Fitzpatrick v. Age-Herald Pub. Co., 184 Ala. 510, 63 So. 980, 51 L. R. A. [N. S.] 401, Ann. Cas. 1916B, 753) the principle of the law of evidence involved, and violated, in the instant case, in the matter of admitting testimony as to the "general reputation" of certain inmates of the house for being "prostitutes," would seem, and we hold it to be, the same as that shown to have been transgressed in the above-quoted excerpt from the opinion in the case of Wooster v. State, 55 Ala. 217.

There was no testimony here that "the general character of the inmates of the house, nor of any of them, for chastity" was bad, Wooster v. State, supra, but, if there had been, this would not have afforded a legitimate inference that such inmates were "prostitutes." Wilson v. State, 17 Ala. App. 307, 84 So. 783.

■ So we hold, that the testimony that certain inmates of the house, for the keeping of which appellant was on trial, bore the "general reputation" of being "prostitutes," was, certainly in the absence of any evidence of any fact or circumstance tending to show the "factum of prostitution," inadmissible, and that it should have been excluded.

■ With this testimony out, there is nothing upon which the conviction of appellant may rest, other than, perhaps, some suspicious circumstances, wholly insufficient to sustain the judgment of conviction.

Accordingly, the said judgment is reversed, and the cause remanded.

Reversed and remanded.