163 So. 821

MANN v. STATE.
4 Div. 133.

Court of Appeals of Alabama.
Oct. 29, 1935.

Millard I. Jackson, of Clayton, for appellant.

A. A. Carmichael, Atty. Gen., for the State.

BRICKEN, Presiding Judge.

It appears from the record that this appellant, without counsel was put to trial upon an indictment which charged her with being a vagrant. She was convicted as charged and the jury assessed a fine against her of $111.75. Failing to pay the fine and costs, or to confess judgment therefor, the court sentenced her to perform labor for the county for 50 days to pay the fine, and in addition thereto she was sentenced to 234 days to pay the costs at 75 cents per day.

It is evident, from the testimony introduced by the state, that a conviction of the accused was sought under either subdivision 9 or subdivision 10 of section 5571 of the Code 1923. Subdivision 9 reads: "Any person who is a prostitute." And subdivision 10 is as follows: "Any person who is a keeper, proprietor or employee of a house of prostitution."

The accused, as stated, was unattended by counsel on the trial of this case in the court below; hence no exceptions were reserved to the rulings of the court on the admission of evidence; therefore no question in this connection is presented for our consideration. We have read the evidence in full, much of which should not have been allowed as being clearly illegal, irrelevant, and incompetent. The rule of evidence in a case of this character is fully discussed in our case of Wilson v. State, 17 Ala. App. 307, 84 So. 783, and in the case at bar the evidence adduced at the trial of this woman should have conformed to the rule therein stated. The fact that the defendant was without counsel, being thus unable to protect her legal rights in this connection, should not militate against her inherent right to have a fair and impartial trial by the court and jury based upon competent and legal evidence only, and not upon evidence of the character shown by the record in this case. The defendant, as shown by the record, was a woman of mature years, living in her home with her husband, sons, and two daughters. There was a kinswoman by marriage, one Mattie Clark, on a visit of two weeks' duration at the home. These constituted the inmates of the home, and the wide scope of the evidence as to these people was not in line with the rule stated in the Wilson Case, supra, and in the cases cited therein. But, as stated, no exceptions being reserved in this connection, a reversal may not be had on this phase of the case. Woodson's Case, 170 Ala. 87, 54 So. 191.

However, it appears that a motion for a new trial was properly made and presented in behalf of the defendant after her conviction; and while this motion is predicated upon several separate and distinct grounds, it will be necessary to discuss here only the grounds based upon the fact of the illegality of the verdict returned by the jury, to the effect that the verdict rendered by the jury was a quotient verdict. We here set out the grounds of the motion on this question:

"3. That the verdict of the jury was a quotient verdict.

"4. That the verdict of the jury for $111.75 was reached by each member of the jury writing on a slip of paper the amount of fine that each felt should be imposed on defendant, and dividing the sum total of the several amounts written by twelve and using substantially the quotient thereof as the fine to be assessed on defendant, and that the amount of fine assessed against the defendant is not in fact the jury's verdict arrived at as by law provided.

"5. That the verdict of the jury was reached by each member of the jury agreeing that each member would write on a piece of paper the amount of fine he felt should be imposed on defendant and that the same would be divided by twelve and the quotient thereof be the amount of fine

560

assessed against the defendant, and that in keeping with said agreement each member of the jury did write the amount of fine he felt should be imposed and that the sum total of same was divided by twelve and the result thereof, or a substantial result thereof, was reported as the jury's verdict, and that the same is not the jury's verdict arrived at as by law provided.

"6. That the several members of the jury agreed among themselves to let their verdict as to the amount of fine imposed on defendant be determined by each member of the jury writing on a piece of paper the amount of fine each respective member felt should be imposed or assessed against defendant and the sum total thereof be divided by twelve and the quotient or the approximate quotient be agreed as the amount of fine to be imposed on defendant; and that in keeping with said agreement each member of the jury did write on a piece of paper, as aforesaid, the amount written by the twelve members of the jury and the sum total divided by twelve being as follows: $125.00; $0.01; $25.00; $1.00; $500.00; $0.01; $50.00; $500.00; $100.00; $40.00; $1.00; $0.01. Sum total $1,342.03. Divided by twelve, $111.83. And in keeping with said agreement the jury fixed the fine at $111.75, and that said amount assessed against the defendant is not the jury's verdict as is by law provided."

Upon the hearing of the foregoing motion the defendant introduced conclusive evidence to sustain grounds 3, 4, 5, and 6 of the motion set out in full above, and as to this evidence there was no dispute or conflict. The trial court, however, overruled the motion and declined to set aside the verdict. In this ruling there was manifest error. A quotient verdict is not a true verdict, and where, as here, this is shown without dispute, such verdict will not be permitted to stand. Innumerable decisions of the appellate courts of this state have so held. Williams' Case, 113 Ala. 620, 625, 21 So. 328, 329. In that case the Supreme Court said: "A true verdict is the voluntary conclusion of the jury after deliberate consideration, and it is none the less a true verdict because the respective jurors may have been liberal in concessions to each other, if conscientiously and freely made. A verdict is not a true verdict, the result of any arbitrary rule or order, whether imposed by themselves, or by the court or officer in charge. If a jury should

agree in advance that their verdict should be the result or quotient of a division by 12 of the sum total of all the jurors' separate assessments, a verdict brought about by such an agreement ought to be set aside."

For the error indicated the judgment of conviction from which this appeal was taken is reversed, and the cause remanded.

Reversed and remanded.