21 So.2d 339

## LYONS v. STATE.

8 Div. 447.

Court of Appeals of Alabama.

March 13, 1945.

Russell W. Lynne, of Decatur, for appellant.

Wm. N. McQueen, Acting Atty. Gen., and Chas. W. Cooper, Asst. Atty. Gen., for the State.

BRICKEN, Presiding Judge.

This prosecution was based upon affidavit of W. T. Willoughby, shown by the record to be the Sheriff of Morgan County. It charged appellant with vagrancy, and the trial resulted in her conviction. From the judgment pronounced and entered, this appeal was taken.

The court overruled defendant's motion to require the State to elect as to which of the sub-heads of the statute relating to vagrancy it was relying upon for a conviction. However, from the testimony it appears it was relying on Subsection 10 of Section 437, Title 14, Code of Alabama 1940, which provides: "Any person who is a keeper, proprietor or employee of a house of prostitution." There appears also some attempt upon the part of the State to convict under Sub-section 4 of the above Statute, viz: "Any person trading or bartering stolen property, or who unlawfully sells or barters any spirituous, vinous, or malt or other intoxicating liquors."

The settled rule of evidence, and its allowable scope, relative to the above two offenses, has been repeatedly declared in numerous decisions of the appellate courts of this State.

In a prosecution for violation of Sub-section 10 of the statute, supra, it is not permissible to offer testimony as to the character or reputation of the house involved. As far back as the year of 1877, the Supreme Court of Alabama said, as to this, in the case of Sparks v. State, 59 Ala. 82: "But it was not permissible to prove that the reputation of the house, was that of a house of ill-fame. * * * Nor is the opinion of witnesses that the house is a bawdy-house, or a nuisance, admissible as evidence."

In Toney v. State, 60 Ala. 97, where the defendant was charged by indictment with keeping, etc., a bawdyhouse, the court also said: "In no aspect of the case, was it permissible to give evidence of the reputation of the house in which the defendant lived." See also Wooster v. State, 55 Ala. 217 (3rd Hd. note).

In our case of Wilson v. State, 17 Ala. App. 307, 84 So. 783, this court said: "There was also error in the rulings of the court in permitting each of the state witnesses to testify, over the timely objection of the defendant, that the house in question was a house of prostitution. This was clearly an invasion of the province of the jury it being one of the material issues of the case for the jury to decide from all the facts and circumstances. This testimony was the expression of the opinion of the

witnesses and a mere conclusion upon their part."

 We refer also to the case of Nelson v. State, 24 Ala.App. 245, 133 So. 747, as being conclusive of several questions involved on this appeal. We do not deem it necessary to cite other authorities of like import. The trial court committed innumerable errors in its rulings upon the evidence; not only by allowing each of the three State witnesses to testify repeatedly in defiance to the rule of evidence above discussed; but also, in permitting them to testify they had upon several occasions, before and also after the commencement of this prosecution arrested the defendant. There are certain conditions under the law where evidence may be adduced to show that a witness or the defendant upon trial, when testifying as a witness in his own behalf, had formerly been convicted of crime, if such crime involved moral turpitude. Section 434, Title 7, Code of Alabama, 1940; this for the purpose of affecting the credibility of the witness. But there has never been any rule of evidence, or any law, to permit the State, as here appears, to offer evidence to the effect that the defendant had been formerly arrested by the State's witnesses, which of necessity would tend to cast undue opprobrium upon the accused, who in this case never offered himself as a witness. There is a wide distinction between the words arrest and conviction. Arrests may be unduly made by active and overzealous peace officers; or by biased and prejudiced officers.

In our case of Wilson v. State, 20 Ala. App. 137, 101 So. 417, 420, the arresting officer, among other things, testified that she, the defendant, has been picked up by the police department many times, etc." As to this the court said: "On redirect examination of this witness it will be noted that he was permitted * * * to state that this defendant had been picked up by the police department many times, * * *. It is apparent that defendant's case should not have been burdened with this character of testimony, for on the trial of this case it was wholly immaterial and irrelevant * * * and naturally this testimony would tend to prejudice the jury against her."

 The trial of this case was replete with error, as stated hereinabove. The conviction of this appellant was admittedly based upon hearsay testimony, and this the law does not permit nor countenance.

Conviction cannot be predicated upon suspicion. Moon v. State, 19 Ala.App. 176, 95 So. 830; Gay v. State, 19 Ala.App. 238, 96 So. 646; Ammons v. State, 20 Ala.App. 283, 101 So. 511; Coggin v. State, 23 Ala. App. 135, 122 So. 186; Fennoy v. City of Hartselle, 23 Ala.App. 294, 124 So. 399.

Jury may not convict on mere conjecture as to what accused may have done. Hightower v. State, 23 Ala.App. 235, 123 So. 287; Catrett v. State, 25 Ala.App. 334, 146 So. 287.

Mere suspicion, surmise, or conjecture will not sustain conviction. McKinnon v. State, 24 Ala.App. 537, 137 So. 677; Riley v. State, 24 Ala.App. 594, 139 So. 576; Hand v. State, 26 Ala.App. 317, 159 So. 275.

Practically every exception reserved to the trial court's ruling was well taken. These questions are properly presented for our consideration.

For the errors indicated, and the erroneous action of the trial court in overruling and denying defendant's motion for a new trial, the judgment of conviction from which this appeal was taken is reversed, and judgment is here rendered discharging appellant from further custody in this proceeding. Robinson v. State, 30 Ala.App. 12, 200 So. 626.

Reversed and rendered.