73 So.2d 925

## WILSON v. STATE.

### 8 Div. 462.

Court of Appeals of Alabama.

June 29, 1954.

Harry Strange, Russellville, for appellant.

Si Garrett, Atty. Gen., Robt. Straub, Asst. Atty. Gen., and Owen Bridges, Montgomery, of counsel, for the State.

HARWOOD, Judge.

This appellant has been convicted of vagrancy.

The evidence presented by the State below was directed to showing that the appellant was a vagrant in several aspects, in that she was a prostitute, was a keeper of a house of prostitution, and that she led an immoral and profligate life, having no property sufficient for her support, and being able to work, did not work. See Sections 437(2), (9), and (10), Title 14, Code of Alabama, 1940.

It is our conclusion that certain evidence admitted in the trial below necessitates a reversal of this cause. We therefore refrain from setting forth the facts, other than to note that their tendencies were sufficient to support the verdict and judgment of guilty.

During the direct examination of Mr. Stratt Byars, Sheriff of Franklin County, a witness for the State, the record shows the following:

"Q. I will ask you this, during your term as Sheriff and Deputy of this county, have you had an occasion to be involved in the arrest * * *.

"Defendant objects because it is incompetent, irrelevant and immaterial, it is not a part of the res gestae in this particular case.

"By the State: It tends to show, your honor, whether or not this person is a vagrant and under count five of the vagrant statute any person who is a common drunkard is a vagrant, or any person who lives in idleness.

"By the Court: Limit it to twelve months before the making of the affidavit in this case. Defendant reserves an exception to the ruling of the court.

"Q. Within twelve months prior to the beginning of this prosecution, June 21st, did you have occasion to know of other prosecutions of this defendant specifically for the violation of the prohibition laws of Alabama:

"By the Defendant: I would like to have the jury taken out before he answers that question, I would like to have that outside of the presence of the jury.

"By the Court: You can limit it to twelve months before the making of the affidavit, unless it was within twelve months before the commencement of this prosecution it would be illegal, in that form I sustain the objection. You can ask him the date of it, approximately.

"By the State: I might say that the witness would not have means of knowing the exact date but he would know within a year the approximate date the woman had been prosecuted.

"By the Defendant: I object to counsel's remarks on this particular cause.

"By the Court: Ask another question, Mr. Taylor.

"Q. Sheriff, within twelve months, or do you remember an occasion within a year prior to this arrest on June 21st when this defendant was charged with violating the prohibition law in the State of Alabama? A. I remember an occasion but I don't remember the date.

"Q. You don't know whether or not it was within twelve months or not? A. No.

"By the Defendant: I am going to move to strike that question and answer about the prosecution, it is not responsive to the particular answers as having been within twelve months.

"By the Court: If he doesn't know—

"By the Defendant: Yes, but he partly answered the question.

"By the Court: He said he didn't know whether or not it was twelve

months before the commencement of this prosecution.

"Defendant excepts."

■ The Attorney General in his brief argues that the record is not in such shape as to preserve the point now being considered. We do not agree with this view.

While the first question to which an objection was interposed was not completed, it was made complete by the resulting colloquy between court and counsel, and it was made clear by the court that his view was that if the question was limited to a twelve month period prior to the making of the affidavit then the question could be asked.

Thereafter the witness was asked whether he remembered an occasion within twelve months before the date of the affidavit when the defendant was charged with violating the prohibition law.

By previous statements the trial court had made known its position as to such question in unequivocal terms. The defendant was under no duty to repeat again her objection. Such would have been useless and frivolous in view of the expressed views of the court.

We hold that the record does present a reviewable question, considering the entire portion as shown above. Connelly v. State, 30 Ala.App. 91, 1 So.2d 606; Nobles v. State, 30 Ala.App. 434, 7 So.2d 770.

To this question the witness replied he remembered an occasion but not the date. Such statement can only be interpreted to mean that the witness remembered an occasion when the appellant was arrested for violating the prohibition laws but not the date of such arrest.

The court denied the appellant's motion to exclude such answer, exception being reserved to such ruling.

It is our conclusion that the lower court's ruling was erroneous in each instance.

■ As stated by the late Presiding Judge Bricken in Lyons v. State, 32 Ala. App. 44, 21 So.2d 339, 340:

"There are certain conditions under the law where evidence may be adduced to show that a witness or the defendant upon trial, when testifying as a witness in his own behalf, had formerly been convicted of crime, if such crime involved moral turpitude. Section 434, Title 7, Code of Alabama, 1940; this for the purpose of affecting the credibility of the witness. But there has never been any rule of evidence, or any law, to permit the State, as here appears, to offer evidence to the effect that the defendant had been formerly arrested by the State's witnesses, which of necessity would tend to cast undue opprobrium upon the accused, who in this case never offered himself as a witness. There is a wide distinction between the words arrest and conviction."

While the appellant in this case did offer herself as a witness, such does not effect the operative effect of the principle above enunciated.

■ It also appears that over appellant's objection and exception this witness was further permitted to testify that in his judgment "the house run by the defendant" was a house of prostitution.

In this ruling the court also erred to reversal. This testimony was the expression of the opinion of the witness and a mere conclusion, and clearly an invasion of the province of the jury. Lyons v. State, supra, and cases cited therein.

Reversed and remanded.