158 So.2d 501

**Corrine JONES**

v.

**STATE.**

1 Div. 938.

Court of Appeals of Alabama.

Nov. 26, 1963.

Thos. M. Haas, Mobile, for appellant.

Richmond M. Flowers, Atty. Gen., and W. Mark Anderson, III, Asst. Atty. Gen., for the State.

JOHNSON, Judge.

The State of Alabama prosecuted and convicted Corrine Jones in the Circuit Court of Mobile County for the offense of vagrancy. The trial was had before the circuit judge without a jury. From a conviction for the offense as charged and a sentence of three months in the Mobile County jail, this appeal is taken.

It was the contention of the State of Alabama that the appellant was a vagrant because she was the employee of a house of prostitution in violation of Tit. 14, Sec. 437(10), of the 1940 Code of Alabama.

We find a general summary of the State's evidence as follows:

Appellant was arrested as she was sitting in a room in a building located at 100½ Adams Street in Mobile, Alabama. The evidence shows that two officers entered the second story rear window of the building and found a white man and woman engaged in sexual intercourse in the room adjoining the room in which appellant was sitting.

The State, in attempting to establish the reputation of the house as a house of prostitution, elicited the following testimony from Officer Driggers:

"Q. All right. Now, how many times would you say that you had gone to this place with the two addresses which you have mentioned Mr. Driggers prior to August the 14th, 1962?

"MR. HAAS: I object, immaterial, irrelevant to this cause.

"THE COURT: Overruled.

"MR. HAAS: Exception.

"Q. In your best estimate if you can give it?

"A. Seventy five or a hundred times possibly.

"Q. All right. And you are familiar with it?

"A. Yes sir.

"Q. Now from your observation of it during your eight years there and knowledge is the Singapore Cafe— what is that commonly known as?

"MR. HAAS: I object, if the Court please, what this witness's opinion is of what something is. Now that's invading the province of the Court.

"MR. STRICKLAND: He's got a right to state his understanding.

"THE COURT: I think it's a shorthand rendition of a fact established by reputation, overruled.

"MR. HAAS: Exception.

"Q. Go ahead, sir.

"A. House of prostitution."

Other State's witnesses' testimony was substantially of the same nature as that of Officer Driggers. The testimony of the State's witnesses was insufficient to establish that the house was a house of prostitution. General reputation is inadmissible for

such purpose. Nelson v. State, 24 Ala.App. 245, 133 So. 747; Wooster v. State, 55 Ala. 217.

 The testimony by the witnesses as to the act of intercourse was insufficient proof to establish that the house in question was a house of prostitution or to sustain a conviction for vagrancy. Valverdi v. State, 21 Ala.App. 606, 110 So. 594; Wilson v. State, 17 Ala.App. 307, 84 So. 783.

For the reasons herein assigned, this cause should be and the same is hereby

Reversed and remanded.